**Kenneth L. HESTAND, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1281S340.

Supreme Court of Indiana.

Oct. 26, 1982.

John P. Avery, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of Child Molesting, Ind.Code § 35–42–4–3(c) (Burns 1979) and was sentenced to thirty (30) years imprisonment.

This direct appeal seeks review upon the issue of whether the trial court erred in refusing to admit into evidence a tape recording of an alleged telephone conversation between the defendant and the prosecutrix.

The evidence most favorable to the State discloses that on August 29, 1980, the prosecutrix, then 12 years of age, met the defendant at the Emerson Theatre and went for a ride with him on his moped. After they had been riding for awhile, the defendant offered her marijuana and contraceptives, both of which she declined. He then asked her to kiss him and to perform fellatio on him. When the victim refused, he struck her with a blackjack, and held a knife to her throat. She then submitted to his demands and he attempted to have sexual intercourse with her. Thereafter he drove her to her home.

The prosecutrix told no one of the incident until November 16, 1980, her birthday, at which time she told her mother. A medical examination showed no abnormality or injury to her and further revealed that her hymenal ring was present and normal. The prosecutrix identified the defendant as her assailant and testified that she had had no contact with him since the August 29th incident.

The defendant denied that the incident had occurred and attacked the credibility of the prosecutrix, testifying that she had contacted him subsequent to August 29th. In an effort to corroborate his testimony that the subsequent contact had occurred, defendant offered to play a tape recording of a conversation that purportedly took place between them some time late in September, 1980. Defendant's contention is that the tape recording would reveal that the prosecutrix telephoned him and ask him to take her to school. The criminal incident having allegedly occurred prior to the commencement of the school term, the tendered evidence corroborated his testimony that she had contacted him subsequent to the incident.

The tape was admitted for purposes of the record; but after having been played outside the presence of the jury and upon the State's objection, it was not played for the jury to hear. The ruling of the trial court was as follows:

" * * * the Court is going to rule that [the recording] is not admissible since it has not been provided to the State * * * and the Court is of the opinion that it is not clear enough that the jury could make any interpretation and would, in fact, speculate as to it. The defendant may testify he did tape record it and what she mentioned on the tape recording.

■ The defendant argues that the trial court erred in refusing to permit the tape recording to be played for the jury. He contends that the recording satisfied our standards for admissibility under *Lamar v. State,* (1972) 258 Ind. 504, 282 N.E.2d 795, and would be significantly more persuasive evidence than Defendant's testimony alone. In *Lamar,* we held that, to be admissible, the tape recording must be of "such clarity as to be intelligible and enlightening to the jury. Otherwise, it serves no beneficial purpose and the evidence sought to be presented, if competent and material, could be better presented by the testimony of those who were present. * * *." *Id.* at 511–512, 282 N.E.2d 795. We accord the trial court substantial latitude in its review of the tape's audibility with respect to whether the *Lamar* guidelines have been met. *Winningham v. State,* (1982) Ind., 432 N.E.2d 24.

■ Defendant concedes that some parts of the recording might not be understandable but that the point in which the prosecutrix identified herself in a friendly manner during the conversation is sufficiently intelligible as to be admissible. Every recorded word need not be intelligible for we only require that, taken as a whole, the tape be of such clarity that it does not lead to jury speculation as to its content. *Smith v. State,* (1979) Ind., 397 N.E.2d 959. However, we have listened to the recording and were able to comprehend the substance of the conversation only by listening extremely carefully and by replaying portions of it. We conclude that the audio quality falls short of the standard set out in *Lamar,* and that there has been no abuse of discretion by the trial judge in not allowing it to be played for the jury.

Defendant also argues that a second ground given by the trial court for excluding the recording from evidence, i.e. that it was inadmissible "since it has not been provided to the state"—ignores proper procedure. Inasmuch as we have determined that the trial judge did not err in excluding the tape from audio presentation to the jury, we need not address this contention.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.