Darryl C. NEWMAN, Appellant,

v.

STATE of Indiana, Appellee.

No. 1184S428.

Supreme Court of Indiana.

Oct. 1, 1985.

Charles A. Beck, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Darryl C. Newman was convicted of three counts of robbery, a class B felony, on June 29, 1984 at the conclusion of a jury trial before the Marion Superior Court. The Honorable Webster Brewer sentenced Appellant to ten years imprisonment on each count to run consecutively, for a total of thirty years.

Appellant alleges three errors for review:

1. that the verdicts are not supported by sufficient evidence;

2. that the trial court erroneously admitted into evidence testimony concerning Appellant's polygraph examination; and

3. that the trial court improperly imposed consecutive sentences.

On the evening of February 8, 1980 two men robbed the Wawasee Tavern in Indianapolis. Aside from Jerome Forestal, the bartender, two of the customers, Michael Graham and Richard Forestal, also were robbed. Michael Graham was struck on the head with a pistol, and Richard and Jerome Forestal were shot at as they chased the fleeing suspects.

Approximately one hour later Appellant was positively identified from a photographic display by Jerome Forestal and Richard McGuiness, another patron the evening of the robbery. Appellant was also positively identified at trial.

After being charged with three counts of robbery Appellant and the State executed a stipulation concerning a polygraph examination of Appellant. The stipulation provided for, *inter alia*, introduction of the examination results without objection by either party. The stipulation also noted that Appellant and his attorney thoroughly discussed the examination and stipulation, and their effect and meaning. At trial Appellant moved to strike the stipulation because he did not understand all the scientific criteria that went into the examination which affected the result. The trial court denied the motion.

I

Appellant alleges his conviction was based on insufficient evidence. This allegation is based on two grounds. Appellant maintains he presented evidence which proved he was elsewhere at the time of the robbery, which alibi is so strong it cannot be overlooked by the jury. Appellant also maintains that since one of the robbery victims did not testify and another could not positively identify him there is insufficient evidence on two counts of robbery.

Where the sufficiency of evidence is challenged on review this Court will neither weigh the evidence nor determine the credibility of witnesses, but rather will look to the evidence most favorable to the State together with all reasonable inferences therefrom. We will then determine if there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt. *Harris v. State*, (1985) Ind., 480 N.E.2d 932, 937. Furthermore, this Court has held on numerous occasions that a jury may reject a defendant's version of what happened and may decide which witnesses to believe. *Lewis v. State*, (1982) Ind., 438 N.E.2d 289, 293. In the present case the jury chose to do exactly that. Although two victims could not positively identify Appellant, two other customers, eyewitnesses to the robbery, positively identified Appellant after testifying they had a clear opportunity to observe him. The identification of a single witness is sufficient to support a conviction. *Titara v. State*, (1983) Ind. 447 N.E.2d 587, 588.

Clearly the identification of Appellant in the present case by two eyewitnesses is sufficient to support the conviction.

## II

■ Appellant next alleges the trial court erroneously admitted into evidence testimony concerning Appellant's polygraph examination. Appellant does not contest the fact that he signed a stipulation allowing admission of the test results. The stipulation states in part:

"7. ... This written report will be introduced into evidence, *without objection by either side*, at the time of the examiner's testimony at any trial or hearing.

\* \* \* \* \* \*

8. ... The *opposing side hereby expressly waives any and all objections* of such testimony as to the competency, weight, relevancy, remoteness, or admissibility of such testimony based upon public, legal, judicial, social policy, due process of law, and/or such rules of evidence as might otherwise govern.

\* \* \* \* \* \*

13. The defendant and his attorney certify that they have *thoroughly discussed* the taking of a polygraph examination; the *effect* and *meaning* of this stipulation, including the admissibility of the examiner's testimony and/or opinions in any trial or hearing involving the above-mentioned crime(s); and, that the examiner's testimony, and/or opinions, and/or written report, could result in the defendant being convicted of the above-mentioned crime(s)."

Appellant first maintains an improper foundation was laid to admit the examination results because the stipulation itself was not offered as evidence. Appellant cites no authority which compels the State to introduce the stipulation as part of a proper foundation. Where appellant does not cite any authority to support his allegations of error, any claim of such error is waived. *Johnson v. State*, (1985) Ind., 472 N.E.2d 892, 904. Furthermore, Appellant has not properly preserved this error for appeal since no such objection was made at trial. Appellant objected to the polygraph results at trial because of a lack of understanding of the scientific criteria (Record, p. 244). Appellant may not state one reason for objecting at trial and then rely upon a different objection on appeal. *Id.* at 909, 910.

Appellant next contends the polygraph results were erroneously admitted because the State did not prove Appellant understood the rights he was waiving. Again Appellant has failed to cite any authority placing an affirmative duty on the State to prove Appellant realized the significance of signing the stipulation and Appellant thus waives the issue. *Id.* at 904.

■ Although polygraph results are generally inadmissible, where all parties stipulate to admitting the results and waive any objection thereto, the court may, in its discretion, allow the results to be admitted into evidence. *Alexander v. State*, (1983) Ind., 449 N.E.2d 1068, 1073. In the present case Appellant certified in a stipulation filed with the trial court that he and his attorney discussed the examination and stipulation, and their effect and meaning. At trial Appellant objected to the examination results due to a lack of understanding. The trial court weighed the matter, and in his discretion Judge Brewer chose to admit the results. Appellant has shown no abuse of discretion.

■ Appellant also claims the trial court erred in failing to instruct the jury as to the nature of the polygraph testimony and the weight to be given it. Appellant did not raise this argument at trial, offered no such instruction himself, cited no authority for his argument to this Court, and has not presented this Court with a sufficient record for review. Appellant has thus waived this issue. *Johnson*, Ind., *supra*, at 904; *Smith v. State*, (1984) Ind., 465 N.E.2d 1105, 1123; *Marbley v. State*, (1984) Ind., 461 N.E.2d 1102, 1107; *Kiper v. State*, (1983) Ind., 445 N.E.2d 1353.

III

Appellant's final argument is that the trial court utilized an improper sentencing procedure. Appellant maintains a detailed statement of facts in support of the trial court's imposition of an aggravated sentence is lacking and that the sentencing record is deficient in that it merely repeats the conclusory language of the statute permitting the imposition of an aggravated sentence. At pages 300–301 the Record clearly shows the trial court fully addressed the reasons for imposing an aggravated sentence:

"... the Court finds aggravating circumstances in that the defendant has an extensive prior record, including but not limited to a conviction in 1983, for a firearms violation as well as a Voluntary Manslaughter charge.

\*　　\*　　\*　　\*　　\*　　\*

As an additional aggravating factor the fact the defendant was on parole at the time that he was arrested on the Armed Robbery charges. That being the case the Court finds and cites the statute, number one, that the defendant has recently violated conditions of his probation and parole which the Court has already noted. Number two, that he has a history of criminal activity which the Court has already noted. The Court finds further that the defendant, Mr. Newman, is in need of correctional rehabilitation treatment which can best be provided by his commitment to a penal institution."

Appellant's final argument is therefore without merit.

The trial court is in all things affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and SHEPARD, JJ., concur.