**Kenneth L. HESTAND, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 1184S453.

Supreme Court of Indiana.

April 23, 1986.

Susan K. Carpenter, Public Defender, Rick Ranucci, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Kenneth L. Hestand was convicted of child molesting, a class A felony, at the conclusion of a jury trial in the Marion County Superior Court, Criminal Division Four. He was sentenced to thirty (30) years imprisonment. On direct appeal we affirmed the conviction. *Hestand v. State* (1982), Ind., 440 N.E.2d 1121. His petition for post-conviction relief was denied by the trial court, and he now appeals the denial and raises seven issues for our consideration.

1. whether Appellant was denied effective assistance of counsel;

2. whether Appellant is entitled to a new trial due to newly discovered evidence;

3. whether Appellant was denied equal protection by the State's failure to stipulate to a polygraph examination;

4. whether Appellant's conviction must be reversed due to an illegal search and seizure;

5. whether Appellant was prejudiced on direct appeal due to an incomplete record of proceedings.

6. whether Appellant was sentenced erroneously; and

7. whether Appellant was prejudiced by trial court misconduct necessitating a new trial.

I

■ Appellant alleges he was denied effective assistance of counsel because his trial counsel failed to carry out a proper investigation by providing the State with a tape recording, and because he failed to draft an adequate motion to correct errors. The guidelines for determining competency of counsel require deciding (1) whether counsel's performance was so deficient that he was not functioning as counsel as guaranteed by the Constitution, and if so, (2) whether this failure to function as counsel was so prejudicial as to deprive the defendant of a fair trial. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692–693, U.S. *reh. denied* (1984) 467 U.S. 1267, 104 S.Ct.

3562, 82 L.Ed.2d 864; *Bieghler v. State* (1985), Ind., 481 N.E.2d 78, 96; *Elliott v. State* (1984), Ind., 465 N.E.2d 707, 710. Both poor performance and prejudice must be shown. *Id.*

■ Appellant has not shown that his attorney's actions rise to the level of deficiency contemplated in *Strickland* and its progeny. He faults his attorney for failing to use a certain medical report in cross-examination of the victim, but fails to show how the report would have aided his case since the report coincided with the victim's testimony. Furthermore, in light of Appellant's defense, denial that he was at the scene or had assaulted the victim, his counsel could have been making a strategic move by not concentrating on the details of the assault. Appellant also cites his attorney for drafting an inadequate motion to correct errors because only one issue was raised therein. Such decisions, however, are matters of judgment and strategy and are insufficient alone to establish ineffective representation. *Cochran v. State* (1983), Ind., 445 N.E.2d 974, 976. There must be a showing that viable issues were not raised. Appellant also fails to show how he was prejudiced by his attorney's failure to provide the State with Defendant's Exhibit No. 1, because the trial court also refused to admit the tape recording due to its poor quality. On appeal we affirmed the trial court on the basis of the poor quality of the recording. *Hestand,* Ind., 440 N.E.2d at 1122.

II

■ Appellant next alleges he is entitled to a new trial based on newly discovered evidence, that being witnesses to testify the victim fabricated her accusation and testimony. Our standard on this issue is as follows: (1) the evidence must have been discovered since the trial; (2) it must be relevant and material; (3) it must not be cumulative; (4) it must not be merely impeaching; (5) it must not be privileged or incompetent; (6) due diligence must have been used to discover it in time for trial;

(7) it must be credible; (8) it must be able to be produced at trial; and (9) it must be probable that a different verdict will result. *Quinn v. State* (1982), Ind., 436 N.E.2d 70, 73. Appellant's argument fails on several grounds. He has not shown diligence in trying to discover this evidence prior to trial, nor that it was discovered since the end of the trial. The testimony is cumulative and serves only to impeach the victim. Furthermore, Appellant has made no showing that the evidence could be produced at retrial, or that it would lead to a different result.

### III

■ Appellant maintains the State's failure to administer and stipulate to a polygraph examination of him violated his equal protection rights. He cites no legal authority for his position, only Appellant's allegation that everyone else similarly situated is given a polygraph test. Appellant has thus waived the issue. *Johnson v. State* (1985), Ind., 472 N.E.2d 892, 904, *reh. denied* (1985). Regardless, our law has always been that polygraph examinations are not scientifically reliable and are inadmissible absent stipulation by both parties. *Newman v. State* (1985), Ind., 483 N.E.2d 36, 38. The State has no duty to stipulate to the admission of test results.

### IV

■ Appellant contends an illegal search and seizure of his home rendered his conviction erroneous. This argument was known and available to Appellant at trial and on direct appeal and his failure to so pursue it constitutes waiver on his part. *Phillips v. State* (1982), Ind., 441 N.E.2d 201, 203. While Appellant alleges two police officers came to his home without a warrant and ransacked the home while holding a shotgun to his head, he does not show how this alleged search ties in with the present case. The record does not show, nor does Appellant claim, that any illegally seized evidence was admitted at trial. Appellant's assertion of an illegal search, is, by itself, insufficient to warrant a reversal. He must show how that search relates to the present case and how he was prejudiced thereby. *Akins v. State* (1981), Ind., 429 N.E.2d 232, 236, *reh. denied* (1982); Ind.R.App.P. 8.3(A)(7).

### V

■ Appellant next contends he was prejudiced because the record of proceedings on direct appeal failed to include a transcript of the sentencing hearing. Appellant's only citation of authority is our appellate rule setting forth the procedure for filing the record of proceedings. We recently reiterated our standard that it is the duty of the appellant to provide the court with a record sufficient to permit consideration and decision of errors presented. *Berry v. State* (1985), Ind., 483 N.E.2d 1369, 1373, *citing Schuman v. State* (1976), 265 Ind. 586, 593, 357 N.E.2d 895, 899 and Ind.R.App.P. 7.2. More importantly, Ind.R.App.P. 7.2(B) mandates that the parties request only those parts of the record necessary to dispose of the issues raised on appeal. The only issue on appeal here dealt with the trial court's failure to admit Defendant's Exhibit No. 1. A transcript of the sentencing hearing was immaterial and no error occurred in excluding it from the record on appeal.

### VI

Appellant also argues his sentence was erroneous because others similarly situated have received shorter sentences. Again Appellant waives the issue by failing to support his position with legal authority and by failing to assert this error on direct appeal. *Johnson*, Ind., 472 N.E.2d at 904; *Philips*, Ind., 441 N.E.2d at 203. In addition we note that Appellant was given the presumptive sentence, thirty (30) years, for the crime of which he was convicted, child molesting as a class A felony. Ind. Code § 35–50–2–4 (Burns 1985). While he maintains there was no evidence that he was armed, this is simply not true in light of testimony of the victim that Appellant had a knife.

## VII

Finally, Appellant alleges he was unduly prejudiced by trial court misconduct when the court refused to admit Defendant's Exhibit No. 1 into evidence. The exhibit was a tape recording which allegedly would have impeached the victim's testimony. The trial court refused to admit the recording because its quality was so poor as to render it unintelligible under *Lamar v. State* (1972), 258 Ind. 504, 282 N.E.2d 795. This issue was fully considered and decided on direct appeal, and is thus not a proper subject for post-conviction relief. *Berry*, Ind., 483 N.E.2d at 1373; *Dixon v. State* (1984), Ind., 470 N.E.2d 728, 730.

Appellant also claims trial court misconduct in that he was charged by information rather than indictment. Under Indiana law, however, a prosecution may be initiated by either information or indictment. Ind. Code § 35–34–1–1 (Burns 1985). The information erroneously listed the offense as Ind. Code § 34–42–5–3(c) rather than 34–42–4–3(c). Appellant argues this error entitles him to a reversal because he was misled. An inspection of the information does reveal that the statute was cited incorrectly, however, the proper statutory language was then set forth as an explanation of the charge. In other words, the body of 34–42–4–3(c) was used. We fail to see how this could mislead Appellant. We find no error on this issue. Ind.Code § 35–34–1–2 (Burns 1985).

The trial court is in all things affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.