Patrick JACKSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 1185S479.

Supreme Court of Indiana.

Aug. 4, 1986.

Robert R. Garrett, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Patrick Jackson was convicted at the conclusion of a jury trial in the Lake Superior Court of felony murder during the perpetration of an armed robbery. The trial court refused the jury's recommendation of the death penalty and imposed a sixty (60) year sentence. Appellant raises the following issues on direct appeal:

1. whether the probable cause affidavit was sufficient to support the arrest warrant;

2. whether the extradition of Appellant was proper, and the subsequent statement admissible; and

3. whether Appellant was competent to stand trial.

Appellant, Johnny Griggs, and Willie Watson drove past the victim's restaurant in Gary, Indiana. The three agreed to rob the victim, and Appellant and Watson approached the victim's car when he left his restaurant. Griggs stayed in the car. They demanded money. He gave up some money, but refused to give them a white bag. Appellant shot the victim, took the bag, and all three fled to Appellant's house, where they divided the money. Watson and Appellant told Griggs that Appellant had shot the victim. A couple of months later, Watson gave to the police a statement which implicated Appellant. Appellant subsequently was located in East St. Louis, Illinois, under police custody. The Gary Police were informed that Appellant had waived extradition, and they picked him up to return him to Gary. During the trip back to Gary, Appellant made a statement admitting his participation in the crime but denying he shot the victim.

I

Appellant maintains the probable cause affidavit was insufficient to support the arrest warrant. He contends it is based solely on the uncorroborated statement of Willie Watson, whose credibility was never established.

It is Appellant's duty to present an adequate record clearly showing the alleged error. *Hestand v. State* (1986), Ind., 491 N.E.2d 976, 979. Where he fails to do so, the issue is deemed waived. *Id.* In the present case, Appellant failed to include, in the record sent to this Court, the probable cause affidavit of which he complains. However, the record does reveal testimony of the arresting officer that the affiant's statement was corroborated by Archie Gibson, Wendell Carter, and Vurdis Robinson. Furthermore, Willie Watson's statement was an admission against his interest since it implicated him in the events leading to the crime. In the statement, he admitted knowledge of the crime, lying in wait for his victim, presence at the shooting, and receiving money taken from the victim. Such a statement is sufficient to establish the affiant's trustworthiness for issuing an arrest warrant. *Suggs v. State* (1981), Ind., 428 N.E.2d 226, 227–228, *reh. denied* (1982).

II

Appellant claims that since his extradition from Illinois to Indiana was improper, the inculpatory statement he made on his return to Indiana was inadmissible and should have been suppressed. Appellant's argument that his extradition was not legal was based on the fact that he was not informed, pursuant to Illinois law, that he had the limited right to procure legal counsel. Documents in the record indicate that Appellant appeared in open court in Illinois, was fully advised, and voluntarily waived extradition to Indiana. The facts surrounding the giving of his statement to police, however, indicate that statement was not the product of his detention in Illinois, even if that detention should arguably be found to be questionable. An Indiana trial court's jurisdiction over a defendant is not affected by any impropriety in his out-of-state arrest and subsequent transportation into this State. *Johnson v.*

*State* (1979), 271 Ind. 145, 146, 390 N.E.2d 1005, 1007, *cert. denied* (1979), 444 U.S. 944, 100 S.Ct. 302, 62 L.Ed.2d 312. He may, however, challenge the admissibility of any evidence which was obtained as a result of such an arrest. *Id.*, 271 Ind. at 147, 390 N.E.2d at 1008; *Massey v. State* (1978), 267 Ind. 504, 507, 371 N.E.2d 703, 705, *reh. denied* (1978). The test was well set out in *Graham v. State* (1984), Ind., 464 N.E.2d 1, 6, *reh. denied* (1984):

"Our inquiry further necessitates a determination of whether or not Appellant's confession was the product of his detention. This Court has written:

'The [United States Supreme] Court noted that persons arrested illegally (or, in our case, detained illegally) may decide to confess, as an act of free will unaffected by the initial illegality. And, the determination, whether the confession is the product of free will under *Wong Sun [v. United States]* [(1963) 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441], is dependent entirely on the facts of the particular cause. However, the Court went on to suggest four relevant factors: (1) whether the individual was informed of his rights as required by *Miranda,* (2) the temporal proximity of the arrest and the confession, (3) the presence of intervening circumstances, and (4) 'particularly, the purpose and flagrancy of the official misconduct.' ...'

*Williams v. State,* (1976) 264 Ind. 664, 670, 348 N.E.2d 623, 628, *on remand,* (1978) 268 Ind. 365, 375 N.E.2d 226; *See Brown v. Illinois,* (1975) 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416."

Here, Appellant was arrested in East St. Louis, Illinois, on or about July 17, 1984. On that day, Detectives Valsi and Officer Strong, proceeded to East St. Louis from Lake County, arriving at about 10:30 p.m. Appellant was advised of his rights by Officer Strong at the jail and was then placed in the car for the return trip to Indiana. About ten minutes later they stopped for gas and at that time Appellant indicated he wanted to tell the officers what had happened. Appellant was given a copy of the waiver of rights form, and Detective Valsi asked Appellant to read it. Officer Strong then read it aloud to Appellant at the same time. Valsi explained each one of the provisions of the *Miranda* warnings while Strong read them aloud. Appellant acknowledged he understood his rights but refused to sign the waiver. Appellant stated that although he did not want to sign anything, he did want to tell the officers what happened. Valsi advised him he could say whatever he wanted but all *Miranda* rights he read still applied and anything he said would be used against him. Acknowledging this, Appellant then made a statement confessing to his participation in the crime, except he maintained that Watson, not he, had done the shooting. Appellant showed no reluctance to talk to the police, and, in fact, encouraged it, volunteering information about an unrelated robbery. He never requested an attorney. The trial court did not err in denying Appellant's motion to suppress this confession.

### III

Appellant finally alleges the trial court erred in finding him competent to stand trial. Upon his filing a suggestion of incompetency, the court appointed three experts to examine Appellant. Dr. Marcus Wigutow, a psychiatrist, found Appellant incompetent because he was evasive and avoided answering questions. Dr. Wigutow did find that Appellant was able to communicate with his attorney, and that he had a reasonable, rational understanding of the proceedings against him. Dr. Peter Gutierrez, a physician, found no evasiveness in anything other than the present charges, found Appellant could comprehend the charges and cooperate in his defense, and concluded that Appellant was feigning incompetency. Dr. Daniel Rady, a clinical psychologist, found Appellant understood the charge against him and that Appellant's behavior was contrived to feign a lack of competency, and thus concluded Appellant was competent.

Competency requires a factual determination and our review encompasses the facts presented to the trial court and reasonable inferences to be drawn therefrom. *Ray v. State* (1979), 272 Ind. 111, 114, 396 N.E.2d 373, 375, *reh. denied* (1980); *Hurley v. State* (1983), Ind., 446 N.E.2d 1326, 1329, *reh. denied* (1983). Such decision will be reviewed only for an abuse of discretion. *Gibson v. State* (1986), Ind., 490 N.E.2d 297, 299, *reh. denied* (1986). In light of the findings and conclusions of Drs. Wigutow, Gutierrez, and Rady, we cannot find that the trial court abused its discretion in finding Appellant competent to stand trial.

The trial court is affirmed.

GIVAN, C.J., and SHEPARD, J., concur.

DeBRULER, J., concurs in result without opinion.

DICKSON, J., dissents without opinion.