**Alfonso D. SALARY, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 50A03–8709–CR–260.

Court of Appeals of Indiana, Third District.

May 31, 1988.

Douglas M. Grimes, Gary, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Alfonso Salary (Salary) appeals a conviction for not yielding the right of way to oncoming traffic at a through intersection, under IC 9–4–1–83, claiming that he was charged with failing to stop under IC 9–4–1–110. We reverse.

On July 27, 1985, Salary was driving a 1978 Peterbilt tractor which was pulling an enclosed trailer. Salary was traveling west on State Road 110, approaching the intersection of north-south State Road 17, a through highway. According to Salary's testimony at trial, as well as the court's findings of fact, upon approaching the stop sign on State Road 110, prior to crossing State Road 17, Salary stopped his vehicle and looked north and south on State Road 17, then proceeded to cross it. After Salary's tractor had crossed State Road 17, Salary heard and felt a bump, which was caused by motorcyclist James Sutton, traveling south on State Road 17, who struck Salary's tractor near its rear dual wheel, as the trailer was crossing State Road 17.

An information charged Salary with failing to yield at the intersection, a violation of IC § 9–4–1–110. However, at trial, the State presented no evidence indicating that Salary failed to stop, relying on the testimony of Salary and Officer Van Vactor, who was called to the scene of the accident. The trial court concluded, in part, as follows:

2. A driver of a vehicle shall stop in obedience to a stop sign before entering an intersection where such sign is posted. I.C. 9–4–1–110.

3. A driver of a vehicle having stopped at a stop sign erected at an entrance to an intersecting road with a through highway, shall yield the right of way to any vehicles which are approaching so closely on said through highway as to constitute an immediate hazard. I.C. 9–4–1–83.

5. The Defendant failed to yield the right of way to through traffic at the intersection of State Road 110 and State Road 17, by entering the intersection of State Road 17 while James J. Sutton was operating his motorcycle southbound on State Road 17 in such close approximation to the intersection of State Road 110 as to constitute an immediate hazard, whereupon an accident did occur.

Record, p. 6.

Two issues are presented for our review:

I. Whether Salary was convicted for an offense for which he was not charged?

II. Whether there was sufficient evidence to support a conviction of Salary under IC 9–4–1–110?

We reverse.

I.

*The Information*

The information plays a crucial role in guaranteeing due process rights, for "[b]oth the Indiana Constitution and the United States Constitution provide that an accused shall be informed of the charges against him," *McFarland v. State* (1979), 179 Ind.App. 143, 384 N.E.2d 1104, 1109, and "[d]ue process requires that defendants be notified of the charges against them." *Crawford v. State* (1987), Ind.

App., 502 N.E.2d 1361, 1363, *reh. denied, trans. denied.* The purpose behind an information is to give the defendant notice of the crime for which he is charged, so that he is able to prepare a defense. *Myers v. State* (1987), Ind., 510 N.E.2d 1360, 1366. Thus, "[c]onviction of an offense neither charged nor included within the criminal conduct alleged constitutes a denial of due process." *McFarland, supra,* at 1109.

In pertinent part, the Indiana Code enumerates the requirements for a sufficient information as follows:

> (3) *citing the statutory provision* alleged to have been violated, *except* that any *failure* to include such a citation or any error in such a citation *does not constitute grounds for reversal* of a conviction *where the defendant was not otherwise misled* [sic] as to the nature of the charges against him;
>
> (4) setting forth the *nature and elements of the offense* charged in plain and concise language without unnecessary repetition;

West's AIC 35-34-1-2(a).

In the facts before us, the pertinent part of Salary's information reads as follows:

> ... Alfonso D. Salary ... failed to yield at said intersection ... contrary to the form of the Statute in such cases ..., to wit: Ind.Code 9-4-1-110,....

Record, p. 4.

The pertinent part of that Indiana Code section reads as follows:

> (c) Every driver of a vehicle shall stop or yield in obedience to any such sign as the case may be, before entering such intersection except when directed to proceed by a police officer or traffic control signal.

West's AIC 9-4-1-110(c) (Supp.1987).

However, the court below found Salary guilty of violating § 83 of that chapter, which reads:

> The driver of a vehicle shall likewise stop in obedience to a stop sign as required herein at an intersection where a stop sign is erected at one (1) or more entrances thereto although not a part of a through highway and shall proceed cautiously, *yielding to vehicles* not so obliged to stop if necessary at the entrance to a through highway *so closely as to constitute an immediate hazard,* but may then proceed. (Emphasis added.)

West's AIC 9-4-1-83(b).

Although sections 83 and 110 both require that a driver stop at a stop sign, and differ in that § 83 specifically requires that a driver yield to oncoming traffic, the crucial distinction between sections 83 and 110 is found in an additional element of § 83, i.e., that element defining the traffic to which a driver must yield. According to § 83, the driver has the duty to yield only to that oncoming traffic which is approaching "so closely as to constitute an immediate hazard." (I.C. 9-4-1-83(b)).

Comparing the definitions and distinctions between § 83 and § 110 to Salary's information indicates that Salary had no notice of any charges under § 83, inasmuch as the information did not include the essential element of § 83 which distinguishes it from § 110. The information neither charged salary with violating § 83 nor included a § 83 charge in the § 110 charge.

Because § 83 has an additional element than § 110, § 83 cannot be included in § 110 as an "included offense." "Included offense" is defined as an offense which

> (1) is established by proof of the same material elements or *less than* all the material elements required to establish the commission of the offense charged; (Emphasis added.)

West's AIC 35-41-1-16. Consequently "a charge of the lesser offense does not include the greater offense and a verdict on the greater offense is erroneous." *McFarland, supra,* 384 N.E.2d at 1109, n. 8.

Although IC 35-34-1-2(a)(3), *supra,* provides the circumstances which prevent the absence of a statute's citation from making the information fatal, such is not the case here, for the information omitted one of § 83's essential elements, contrary to IC 35-34-1-2(a)(4). In *Myers, supra,* the Supreme Court held that "[m]inor variances from the wording of a statute do not make an information defective, so long as the

words, ... do not omit an essential element." *Myers, supra,* at 1367.

In *Hestand v. State* (1986), Ind., 491 N.E. 2d 976, our Supreme Court dealt with an information containing a miscited statute: however, the information contained all of the essential elements of the statute. While acknowledging the incorrect cite to the statute in question, i.e., referring to § IC 34–42–5–3(c), the court held in *Hestand* that the defendant could not have been mislead because "the proper statutory language was then set forth as an explanation of the charge.... the body of IC 34–42–4–3(c) was used." *Hestand, supra,* at 980. Such is not the case here. While § 83 was not cited numerically, the absence of one of its elements, i.e., that defining the traffic to which a driver must yield prevents one from finding that its body was contained in the information.

The absence of that element clearly deprived Salary of notice and the opportunity to defend himself against a § 83 violation. According to § 83, Salary only had the duty to yield to the oncoming motorcyclist if he "constituted an immediate hazard." To be found guilty of violating § 83, the State had to prove this; thus, to defend himself, Salary should have been able to attempt to prove that the motorcyclist did not "constitute an immediate hazard." Since Salary had no warning of the need to present such evidence,[1] he had no opportunity to do so. Thus, under *Myers, supra,* no notice was given: the information failed of its essential purpose.

Clearly then, as the information fails to list one of § 83's elements, it does not charge Salary with a § 83 violation; it charges him only with violating § 110. In *McFarland, supra,* we addressed a situation in which the defendant was convicted of a crime with an element not contained in the information. In that case, we held:

> The defendant is deprived of his constitutional protection [i.e., due process] if he is convicted of a statutory offense that has one or more additional element or elements which differ from those of the alleged statutory offense. In such cases the judgment of conviction is contrary to law and cannot be permitted to stand. *McFarland, supra,* 384 N.E.2d at 1109.

Salary was convicted under § 83, which contains an additional element than § 110, under which he was charged. Thus, *McFarland* also dictates that Salary's judgment of conviction be ruled as contrary to law and reversed.

## II.

### *Sufficiency of Evidence*

Since the court below did not convict Salary under § 110, we need not discuss whether the evidence was sufficient to uphold such a conviction. However, upon remand, we advise the trial court to take note of its Findings, specifically those stated in paragraph 4, which states:

4. Salary stopped his vehicle at the intersection; before proceeding across the intersection, he looked to the south, then to the north, and then started his vehicle through the intersection, continuing to travel west on State Road 110 towards County Road 800 North, in Fulton County, Indiana.

Record, p. 5.

For the above reasons, we reverse Salary's conviction and remand for proceedings consistent with this decision.

RATLIFF, C.J., and GARRARD, P.J., concur.

---

1. While the trial court found that motorcyclist Sutton was approaching so closely so as to "constitute an immediate hazard," this essential fact was not even hinted at in Salary's information, contrary to IC 35–34–1–2(d), which reads in part: "The indictment or information shall be a plain, concise, and definite written statement of the *essential facts* constituting the offense charged." (Emphasis added.)