**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 26 2013, 5:26 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT *PRO SE*:

**VINCENT THORNBURG**

Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**

Attorney General of Indiana

**CYNTHIA L. PLOUGHE**

Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| VINCENT THORNBURG, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 89A01-1307-CR-307 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WAYNE CIRCUIT COURT
The Honorable David A. Kolger, Judge
Cause No. 89C01-1104-FC-22

**December 26, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

Appellant-Defendant Vincent Thornburg pled guilty to one count of Class D felony receiving stolen property and was sentenced pursuant to the terms of the plea agreement that he entered into with Appellee-Plaintiff State of Indiana. Thornburg appeals following the denial of his motion to correct erroneous sentence in which he claimed that the trial court erroneously applied the proceeds of a $505.00 cash bond posted by Thornburg to the costs and fees which Thornburg agreed to pay pursuant to the terms of his plea agreement. Because we conclude that Thornburg has waived appellate review of the claimed error by failing to present this court with an adequate record on review, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

On or about April 19, 2011, Thornburg was charged on one count of Class C felony burglary, one count of Class D felony theft, and one count of Class D felony receiving stolen property. A May 16, 2011 entry on the Chronological Case Summary ("CCS") relating to the instant matter notes that "Additional cash bond in the amount of $505 posted by defendant … on 04/07/2011 … (bond transferred from Superior Court III as charges were not filed)." Appellee's App. p. 5. On October 24, 2011, the parties filed a plea agreement with the trial court. This plea agreement was subsequently rejected by the trial court.

On January 7, 2013, Thornburg, by counsel, filed an amended plea agreement. Pursuant to the terms of the amended plea agreement, Thornburg agreed to plead guilty to the charge of Class D felony receiving stolen property. In exchange for Thornburg's plea, the

2

State agreed to dismiss the remaining counts. The plea agreement provided that Thornburg "shall be sentenced to a period of incarceration of two (2) years, with no time suspended" and that Thornburg "shall pay court costs and any fee imposed by Indiana law as a result of [his] guilty plea." Appellee's App. p. 14. The plea agreement further provided that "[t]he parties hereto agree that in the event [Thornburg] posted a Personal Appearance Bond with Ten Percent Cash Deposit in this cause, or any cause that is being dismissed as part of this Plea Agreement, then that bond shall be applied … toward fines, court costs, probation user's fees, home detention fees, supplemental Public Defender fun payments, restitution, and any fees imposed by this agreement and/or Indiana law." Appellee's App. p. 15.

On February 21, 2013, the trial court accepted the plea agreement and sentenced Thornburg in accordance with its terms. In sentencing Thornburg, the trial court ordered "that the $505.00 cash bond posted in this cause be applied as follows: $50.00 administrative fee to be retained by the Clerk; $166.00 Court costs; $5.00 Special Death Benefit Fee; $284.00 to the Supplemental Public Defender Services Fund." Appellant's App. p. 18.

On June 18, 2013, Thornburg filed a motion to correct an erroneous sentence. In this motion, Thornburg claimed that the trial court erroneously applied the $505.00 cash bond toward the costs and fees associated with the instant matter. The trial court denied Thornburg's motion on June 25, 2013.

**DISCUSSION AND DECISION**

On appeal, Thornburg contends that the trial court erred in denying his motion to correct an allegedly erroneous sentence. In raising this contention, Thornburg argues that the

3

trial court erroneously ordered that a $505.00 cash bond, which Thornburg claims was filed in an unrelated matter, be applied to the costs and fees which Thornburg agreed to pay pursuant to the terms of the amended plea agreement. It is well-established that "[i]t is a defendant's duty to present an adequate record clearly showing the alleged error, and where he fails to do so, the issue is waived." *Davis v. State*, 935 N.E.2d 1215, 1217 (Ind. Ct. App. 2010) (citing *Jackson v. State*, 496 N.E.2d 32, 33 (Ind. 1986)); *see also Hestand v. State*, 491 N.E.2d 976, 979 (Ind. 1986).

Thornburg claims that he was arrested in connection with both misdemeanor and felony charges out of Superior Court III on April 5, 2011. Thornburg further claims that the actions pertaining to his arrest on alleged misdemeanor charges were different from those pertaining to his arrest for the underlying felony charges. Thornburg, however, presents no evidence supporting this self-serving claim and the record presented on appeal is silent as to when and why Thornburg was arrested. In fact, the record contains only one reference to the cash bond in question prior to the entry of the trial court's order that the bond money be distributed to satisfy the costs and fees that Thornburg agreed to pay pursuant to the terms of the amended plea agreement. Again, a May 16, 2011 entry on the CCS which states that "Additional cash bond in the amount of $505 posted by defendant … on 04/07/2011 … (bond transferred from Superior Court III as charges were not filed)." Appellee's App. p. 5. Further, the parties' plea agreement seems to provide for the possibility that Thornburg posted a cash bond in relation to the instant matter but contains no evidentiary proof that this was actually the case. *See* Appellee's App. p. 15. Accordingly we conclude that we are

4

unable to determine whether the $505.00 bond was filed in relation to an unrelated criminal matter or the underlying criminal matter from the record presented on appeal. As such, we must conclude that Thornburg's failure to present this court with an adequate record for review results in waiver of appellate review of the claimed error.[1] *See Jackson*, 496 N.E.2d at 33; *Hestand*, 491 N.E.2d at 979; *Davis*, 935 N.E.2d at 1217.

The judgment of the trial court is affirmed.

MATHIAS, J., and PYLE, J., concur.

---

[1] We note that Thornburg has requested permission to file an amended Appellant's Brief in which he seeks to add a claim that the trial court clerk acted outside its authority by allegedly transferring the $505.00 cash bond from what Thornburg claims was an unrelated criminal matter to the instant matter. However, Thornburg has also waived this additional claim on appeal by failing to present an adequate record on appeal. *See Jackson*, 496 N.E.2d at 33; *Hestand*, 491 N.E.2d at 979; *Davis*, 935 N.E.2d at 1217. Accordingly, we deny Thornburg's motion in an order issued simultaneously with this memorandum decision.