## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 15 2019, 10:04 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Karen Celestino-Horseman
Austin & Jones, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Stephen Murry,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

April 15, 2019

Court of Appeals Case No.
18A-CR-2590

Appeal from the Marion Superior Court

The Honorable Helen W. Marchal, Judge

Trial Court Cause No.
49G15-1703-F6-10608

**Bradford, Judge.**

# Case Summary

[1] On October 29, 2016, Stephen Murry threatened to burn down Tihiyya Brown's home if she did not convince two of her relatives to comply with his requests to talk. Murry was subsequently charged with and convicted of Level 6 felony intimidation. Murry appeals his conviction, contending that the trial court committed fundamental error by admitting an audio recording of the threat. Specifically, Murry claims that the audio recording was of such poor quality that the jury was left to speculate as to its contents. Because we conclude otherwise, we affirm.

# Facts and Procedural History

[2] Prior to October 29, 2016, Brown received a series of calls from Murry. Brown had known Murry for a few years and recognized his voice on the phone. After receiving "the first couple" calls, Brown downloaded "an app on [her] phone" that "would record … any phone call that took place on [her] phone." Tr. p. 34. On October 29, 2016, Brown received and recorded a call from Murry during which Murry threatened to burn down her home if he was unable to "get ahold of" her uncle and cousin. Tr. p. 36. Brown reported Murry's threat to police.

[3] On or about March 20, 2017, Murry was charged with Level 6 felony intimidation. A jury trial was held on August 15, 2017. During trial, the State sought to introduce an audio recording of the October 29, 2016 call. Murry

objected, arguing that the State failed to properly authenticate the recording. The trial court admitted the recording over Murry's objection. At the end of trial, the jury found Murry guilty of the charged offense. Murry was subsequently sentenced to 545 days, with 180 days executed in the Marion County Jail and 365 days on home detention.

# Discussion and Decision

[4] Murry contends that the trial court erroneously admitted the audio recording of his threat to Brown because the recording was inaudible or unintelligible. In raising this contention, Murry acknowledges that his counsel did not object to admission of the recording on the grounds that it was inaudible or unintelligible at trial and that, as a result, he must prove that admission of the recording resulted in fundamental error. *See Delarosa v. State*, 938 N.E.2d 690, 694 (Ind. 2010) (providing that while a failure to raise a contemporaneous objection on the grounds argued on appeal results in waiver, the issue can be reviewed on appeal if the reviewing court determines that fundamental error occurred).

> The fundamental error exception is extremely narrow, and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process. The error claimed must either make a fair trial impossible or constitute clearly blatant violations of basic and elementary principles of due process. This exception is available only in egregious circumstances.

*Id.* (internal quotations omitted).

[5] The foundational requirements for admission of a recording made in a non-custodial setting are: "1) that the recording is authentic and correct, 2) that it does not contain evidence otherwise inadmissible, and 3) that it be of such clarity as to be intelligible and enlightening to the jury." *McCollum v. State*, 582 N.E.2d 804, 811–12 (Ind. 1991). "The trial court has wide discretion in determining whether these criteria have been met." *Id.* at 812. In considering the admissibility of audio recordings, the Indiana Supreme Court has also held that "[e]very recorded word need not be intelligible for we only require that, taken as a whole, the [recording] be of such clarity that it does not lead to jury speculation as to its content." *Hestand v. State*, 440 N.E.2d 1121, 1122 (Ind. 1982). Murry claims only that the recording was of such poor quality that the jury was required to speculate as to its contents.

[6] The trial court reviewed the recording before admitting it into evidence. With respect to the recording's clarity, the trial court noted "I actually was surprised by the clarity. I didn't hear a lot of background noise. Now there are certainly moments in the communication where it is unintelligible. I give you that but there were things that to me, I heard fairly clearly." Tr. pp. 23–24.

[7] Upon reviewing the recording, we find the trial court did not abuse its discretion in admitting the recording. While some words are indeed unintelligible, the portion of the recording containing Murry's threat is of sufficient clarity to be intelligible and enlightening to the jury. *See McCollum*, 582 N.E.2d at 811–12. The listener is able to hear the threat being levied by the voice that was identified as belonging to Murry. Thus, with respect to the

threat, the jury need not have speculated as to what Murry said. Because the relevant portion of the recording is of such clarity that the listener can decipher the threat levied by Murry, we conclude that the trial court did not err, much less commit fundamental error, by admitting the recording into evidence at trial.[1]

[8] The judgment of the trial court is affirmed.

Crone, J., and Tavitas, J., concur.

---

[1] Murry also argues that without the recording, there is insufficient evidence to sustain his conviction. However, given our conclusion that it was not error to admit the recording into evidence, we need not consider this additional claim.