Judith GORMAN, Appellant–Defendant,

v.

William Larry GORMAN and, Mark E. Neff, Appellees–Defendants.

No. 26A01–0608–CV–362.

Court of Appeals of Indiana.

Aug. 17, 2007.

Judith Gorman, Michigan City, IN, pro se.

## OPINION

MATHIAS, Judge for the panel.

In this purported appeal, Judith Gorman has attempted to relitigate matters that have been determined previously. Therefore, we dismiss with specific instructions as set out in the attached order.

### ORDER

Appellant Judith Gorman ("Judith") has two appeals pending before this Court, Cause Numbers, 87A05–0705–CV–283 and 26A01–0608–CV–362. In appeal 87A05–0705–CV–283, Judith has filed two motions. On May 22, 2007, Judith filed a Notice To Court And Motion to Compel Regarding Trial Court Clerk's Failure to Timely Provide Notice of Completion of Clerk's Record for the Appeal. On May 31, 2007, Judith filed her Verified Motion For Relief From Order For Plaintiff to Post Appeal Bond. Appellees have not replied to either pleading. The remaining appeal, 26A01–0608–CV–362, is fully briefed. Because both appeals seek review of similar issues, and can be disposed on the same grounds, we issue this joint order for Cause Numbers, 87A05–0705–CV–283 and 26A01–0608–CV–362.

The underlying facts are as follows. Judith and William Gorman were divorced in 1982. In 1984, Judith and William executed a modification of their original property settlement agreement ("Modified Agreement"). Under the terms of the Modified Agreement, William agreed to pay Judith a sum of money. The Modified Agreement also contained provisions regarding life insurance and undisclosed assets. Specifically, Subdivision (b) of the Modified Agreement provided:

"[William] agrees to make [Judith] the beneficiary of his life insurance policy provided by his present employer as of the date of the execution of this agreement, in the following amounts, to-wit:

Twenty Five per cent (25%) beneficial interest in the proceeds of said policy amount up to and including One Hun-

dred Thousand Dollars ($100,000.00), but in no event less than Fifteen Thousand Dollars ($15,000.00), AND Fifty per cent (50%) beneficial interest in the proceeds of said policy amount over and above One Hundred Thousand Dollars ($100,000.00).

[William] promises to keep said policy in full force and effect and not to borrow against the policy or encumber it in any way without the written consent of [Judith]. The policy shall be that policy as provided by [William]'s place of employment or a comparable policy in terms and benefits. Should [William]'s employer cease to pay the premiums, [William] promises to keep said policy in full force and effect. [William] promises also to provide a copy of the policy to [Judith] and to notify the policy agents of this arrangement and to notify [Judith] of any change in condition in the policy, its terms, its coverage, and the like. [William] further promises to provide yearly evidence of payment of premium."

Subdivision (d) of the Modified Agreement provided that William and Judith agreed to equally divide any assets that had not previously been disclosed.

On April 30, 1998, Judith filed in the Gibson Circuit Court a Verified Motion for Contempt Citation and for Enforcement of Modified Decree. In that motion, Judith alleged that William was in contempt because he had failed to comply with the terms of the Modified Agreement in that he had not paid the sum of money and had not complied with Subdivision (b) regarding the life insurance policy. In August 1998, after William failed to appear for a hearing on Judith's motion, the Gibson Circuit Court reduced to judgment the amount William owed Judith; the court did not, however, order William's compli-

ance with the provision of the Modified Agreement concerning life insurance.

In March 1999, Judith filed a pro se Complaint for Enforcement of Note in the Warrick County Superior Court. On August 9, 1999, the Gibson Circuit Court scheduled a hearing on Judith's motion for proceedings supplemental to satisfy her judgment. As recounted by this Court in an unpublished memorandum decision:

"Prior to the hearing, the parties engaged in discussions, and the parties, by counsel jointly moved the court to continue the hearing. After several hours of discussion, [Judith] signed a release of her claims against [William] in return for [William]'s promise to pay her $25,500 within ten days (Release). [William] did so, and [Judith] accepted and used the money to further a real estate transaction. [William] and [Judith] then jointly moved the trial court to dismiss the case, which it did on August 18, 1999." *Bates–Gorman v. Gorman*, No. 26A01–0103–CV–78, slip op. at 2–3, 757 N.E.2d 229 (Ind.Ct.App. Oct.17, 2001), *trans. denied* ("*Bates–Gorman II* ").

As further noted by this court in an earlier unpublished memorandum decision, the Release "purports to settle all matters stemming from the parties' dissolution in Gibson County, the promissory note lawsuit pending in Warrick County, and life insurance matters." *Bates–Gorman v. Gorman*, No. 87A01–0010–CV–332, slip op. at 2, 748 N.E.2d 447 (Ind.Ct.App. May 31, 2001), *trans. denied* ("*Bates–Gorman I* "). Specifically, the Release provides, in pertinent part, as follows:

"In consideration of Twenty-five thousand and five hundred and seventy two and xx/100 Dollars ($25,572.00), payable within ten (10) days, Releasor [Judith] voluntarily and knowingly executes this Release with the express intention of effecting the extinguishment of obli-

gations between the parties, including Gibson Co. cause # 26C01–8011–DR–0575 and Warrick Co. cause # 87D02–9903–CP–45 and life insurance issues."

The Release contains a signature line on which Judith's initials appear. Judith challenged the Release with a verified motion for relief from judgment pursuant to Trial Rule 60(B), which she filed in both the Gibson Circuit Court and the Warrick County Superior Court.

In *Bates–Gorman I,* an appeal from the Warrick County Superior Court, this Court affirmed the trial court's denial of her motion for relief from the agreed judgment. In that appeal, Judith argued that she was entitled to relief because William had failed to fulfill their "secret agreement (the terms of which [Judith] [did] not disclose)." *Id.,* slip op. at 4. Judith also argued that she was entitled to relief because she "did not fully understand the sweeping nature of the [R]elease" and because of the circumstances surrounding her signing of the Release. *Id.* This Court held that Judith and William had duped the trial court and their attorneys by entering into a "secret agreement," which was contrary to the Release executed by the parties, and thus, Judith was not entitled to relief because she "actively participated in the circumstances that she contends led to an unintended result." *Id.,* slip op. at 5.

In *Bates–Gorman II,* an appeal from the Gibson Circuit Court, this Court again affirmed the denial of Judith's motion for relief from judgment and the dismissal of her suit against William. In that appeal, Judith argued that the trial court had failed to give specific reasons for its decision and that she was denied the effective assistance of counsel. This Court rejected these arguments in turn, holding that the court was not required to enter special findings of fact and conclusions of law absent a request for such by one of the parties and that Judith had no right to the effective assistance of counsel in a civil proceeding. *Id.,* slip op. at 3, 6.

Rather than concluding that she had had her proverbial "day in court" after two trial court decisions and two appeals essentially producing the same result, Judith initiated two new trial court actions, escalating the nature of her allegations against her ex-husband, William, to more inflammatory levels, and adding his former counsel, Mark E. Neff, as a party. In those actions, Judith now alleged fraud, criminal conversion, extortion, embezzlement, obstruction of justice, intentional interference with a contract, criminal mischief and the use of threats and violence related to the execution of the August 9, 1999 release of her claims against William. William and Neff filed counterclaims against Judith in both lawsuits. The outcome of these two actions has been appealed to this court under the subject Cause Numbers, 87A05–0705–CV–283 and 26A01–0608–CV–362.

The trial courts in both cases concluded in their findings that William and Neff had proven, by clear and convincing evidence, that Judith's claims against them were frivolous, unreasonable and groundless as required by Indiana Code Section 34–51–3–2, and that she had litigated each action in bad faith per Indiana Code Section 34–52–1–1(b)(3). Both trial courts awarded William and Neff actual and punitive damages.

In 26A01–0608–CV–362, the trial court awarded actual damages in the amount of $10,000 for Neff and $7,500 for William. The trial court further awarded punitive damages in the amount of $10,000 each to William and Neff. Finally, the trial court enjoined Judith from "filing, initiating and/or prosecuting any further pleadings, documents, or claims in any action, court proceeding, administrative proceeding,

claim or cause of action against either Defendant in any Court in the State of Indiana without leave of this Court." Order at 3.

In 87A05–0705–CV–283, the trial court awarded actual damages in the amount of $2,500.00 for each defendant and $20,000 in punitive damages for each defendant. Although these amounts are substantial, the trial court in that cause noted that Judith pursues her lawsuits *pro se* and does not have the assets to satisfy these judgment amounts, i.e., that Judith is "essentially judgment-proof." Order at 7. Thus, these damage awards would not serve as a deterrent to prevent her from pursuing future baseless lawsuits. In recognition of the damage award to Defendants, and to protect them from the expense and time consumed by further baseless litigation by Judith, the trial court also required Judith to post a $50,000 appeal bond prior to being allowed to proceed with any further litigation against her ex-husband or his lawyers.

■■■ By motion filed May 31, 2007 in 87A05–0705–CV–283, Judith seeks review of the decision to impose this bond through her Verified Motion For Relief From Order For Plaintiff to Post Appeal Bond. "The determination of the amount of an appeal bond lies within the discretion of the trial court, and will not be disturbed absent an abuse of discretion." *Kocher v. Getz,* 824 N.E.2d 671, 675 (Ind.2005). As noted earlier, the trial court below provides ample justification for the imposition of an appeal bond in the ordered amount of $50,000 in this case. This Court cannot find that the trial court abused its discretion in imposing a $50,000 appeal bond. Payment of a bond in this amount would ordinarily be a prerequisite to Judith's ability to pursue an appeal in Cause Number 87A05–0705–CV–283. This issue is moot, however, given the ultimate disposition of both appeals, 87A05–0705–CV–283 and 26A01–0608–CV–362, by this order.

■■■ By her conduct, Judith rejects the legal finality of both trial and appellate court decisions and continues to challenge, albeit in a wide variety of ways, the enforceability and scope of the release she signed, with the advice of counsel, on August 9, 1999. As a result, valuable judicial resources are spent considering the same meritless legal and factual questions presented by Judith over and over again.

This Court has an interest in preserving valuable judicial and administrative resources. See *Parks v. Madison County,* 783 N.E.2d 711, 724 (Ind.Ct.App.2002), *reh'g denied, trans. denied.* As set forth above, the validity and scope of the release, signed by Judith on August 9, 1999, has been repeatedly litigated and found to have resolved all claims between Judith and William Gorman arising from the dissolution of their marriage and their property settlement, as well as the earlier lawsuits. As found in an earlier *Gorman* opinion by this Court:

"[Judith], a college-educated adult who is able to read and write, was represented by counsel during the meeting at which she signed the Release. [Judith] acknowledged that she signed the Release and that [William] had performed his obligation under it, paying her $25,500 within ten days. She further acknowledged accepting and using the money." *Bates–Gorman,* No. 87A01–0010–CV–332, slip op. at 5, 748 N.E.2d 447 (Ind.Ct.App. May 31, 2001), *trans. denied.*

Judith has presented no new facts or evidence supporting her repeated contentions that the release she signed on August 9, 1999 does not bar the subject claims she has brought against her husband. In addition, none of the decisions reached in Ju-

dith's lawsuits have found any evidence of fraud, interference or coercion during her execution of the release, the only apparent basis of her claim against her husband's former counsel, Mark E. Neff.

Having reviewed the matter, the Court FINDS AND ORDERS AS FOLLOWS:

(1) Appeals 87A05–0705–CV–283 and 26A01–0608–CV–362 are DISMISSED WITH PREJUDICE.

(2) In future cases, Judith Gorman, a/k/a Judith Bates–Gorman, must FIRST seek leave of this Court to file any additional appeal seeking review of ANY MATTER arising out of the dissolution of her marriage to William Gorman, the property settlement between Judith and William Gorman, or any issue arising out of the scope, validity, application or execution of the release signed on August 9, 1999.

(3) In future cases, Judith Gorman, a/k/a Judith Bates–Gorman, must FIRST seek leave of this Court to file any additional appeal seeking review of ANY MATTER arising out of the representation of any attorney retained by William Gorman for any lawsuit or claim related to the dissolution of her marriage to William Gorman, the property settlement between Judith and William Gorman, or any issue arising out of the scope, validity, application or execution of the release signed on August 9, 1999, including by way of illustration and not of limitation, Mark E. Neff.

(4) Judith Gorman, a/k/a Judith Bates–Gorman, shall not be permitted to file any additional appeals arising out of the dissolution of her marriage to William Gorman, the property settlement between Judith and William Gorman, or any issue arising out of the scope, validity, application or execution of the release signed on August 9, 1999, without first seeking the express leave of this Court.

(5) Judith Gorman, a/k/a Judith Bates–Gorman, shall not be permitted to file any additional appeals arising out of the representation of any attorney retained by William Gorman for any lawsuit or claim related to the dissolution of her marriage to William Gorman, the property settlement between Judith and William Gorman, or any issue arising out of the scope, validity, application or execution of the release signed on August 9, 1999, including by way of illustration and not of limitation, Mark E. Neff, without first seeking the express leave of this Court.

(6) Any future applications for leave to file any additional appeals arising out of the dissolution of her marriage to William Gorman, the property settlement between Judith and William Gorman, or any issue arising out of the scope, validity, application or execution of the release signed on August 9, 1999, without the express leave of this Court will be DEEMED rejected, on the 30th day, unless the Court orders otherwise.

(7) Any future applications for leave to file any additional appeals challenging the representation of any attorney retained by William Gorman for any lawsuit or claim related to the dissolution of her marriage to William Gorman, the property settlement between Judith and William Gorman, or any issue arising out of the scope, validity, application or execution of the release signed on August 9, 1999, including by way of illustration and not of limitation, Mark E. Neff, will be DEEMED rejected, on the 30th day, unless the Court orders otherwise.

(8) The Clerk shall return, UNFILED, any papers Judith Gorman tenders for any additional appeals arising out of any lawsuit or claim related to the dissolution of her marriage to William Gorman, the property settlement between Judith and William Gorman, or any issue arising out of the scope, validity, application or execution of the release signed on August 9,

1999, when such leave has been DENIED or has not been expressly granted by the 30th day following tender.

(9) The Clerk shall return, UNFILED, any papers Judith Gorman tenders challenging the representation of any attorney retained by William Gorman for any lawsuit or claim related to the dissolution of her marriage to William Gorman, the property settlement between Judith and William Gorman, or any issue arising out of the scope, validity, application or execution of the release signed on August 9, 1999, including by way of illustration and not of limitation, Mark E. Neff, when such leave has been DENIED or has not been expressly granted by the 30th day following tender.

(10) This Court's Clerk is DIRECTED to send a copy of this Order to the parties. Appellant shall be served at the latest address on file. Also, a copy of this order shall be sent to the Gibson Superior Court, the Warrick Circuit Court, to the Warrick Circuit and Superior Courts Clerk, and to the Gibson Circuit and Superior Courts Clerk.

(11) The Warrick Circuit and Superior Courts Clerk shall file a copy of this order under Lower Cause No. 87C01–0507–CT–304, and cause the same to be spread of record.

(12) The Gibson Circuit and Superior Courts Clerk shall file a copy of this order under Lower Cause No. 26A01–0608–CV–362, and cause the same to be spread of record.

DARDEN, J., and KIRSCH, J., concur.
So ordered.
/s/ John G. Baker
John G. Baker, Chief Judge