## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 24 2020, 8:40 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Phillip Grigalanz
Hillsboro, Illinois

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Phillip Grigalanz, <br> *Appellant-Respondent,* <br><br> v. <br><br> Kristi Grigalanz, <br> *Appellee-Petitioner* | July 24, 2020 <br><br> Court of Appeals Case No. 19A-DR-3054 <br><br> Appeal from the Porter Superior Court <br><br> The Honorable Roger V. Bradford, Judge <br><br> Trial Court Cause No. 64D01-1508-DR-6999 |

**May, Judge.**

[1] Phillip Grigalanz ("Husband") appeals the trial court's November 27, 2019, order, which returned Husband's filings to him without consideration because the cause under which Husband filed the paperwork was closed. We affirm.

# Facts and Procedural History

On August 17, 2015, Kristi Grigalanz ("Wife") petitioned the court for dissolution of her marriage to Husband. A chronological case summary notation dated November 19, 2015, states, "court receives letter/motion for modification of custody from husband, court denies husband's motion without hearing." (App. Vol II at 3) (capitalization removed). On May 10, 2016, the court entered a summary decree of dissolution of marriage. Husband filed various motions after the trial court entered the decree of dissolution, and the trial court denied each of these motions.

Husband filed a notice of appeal on November 30, 2016, and this court subsequently dismissed his appeal with prejudice. Even after his appeal was dismissed, Husband continued to file documents with the trial court. A chronological case summary notation dated April 6, 2017, states, "court receives husband's motion for ruling: Court of Appeals dismissed husband's appeal with prejudice. No further filings will be accepted." (*Id*. at 8) (capitalization removed). Husband continued to send documents to the trial court. On November 27, 2019, the trial court issued an order, stating: "The Court returns [Husband's] filings to him without review as this Cause is closed." (Notice of Appeal at 5.)

# Discussion and Decision

[4]    Initially, we note Wife did not file an appellee's brief. Therefore, we will not develop arguments on her behalf and will reverse if Husband demonstrates prima facie error. *WindGate Properties, LLC v. Sanders*, 93 N.E.3d 809, 813 (Ind. Ct. App. 2018). "Prima facie, in this context, means at first sight, on first appearance, or on the face of it." *Id*. Nonetheless, we must still correctly apply the law to the facts in the record to determine if reversal is required. *Id*.

[5]    Even though Husband proceeds on appeal *pro se*, he is held to the same standard as a trained attorney, including adherence to established rules of procedure. *See Tipton v. Estate of Hofmann*, 118 N.E.3d 771, 776 (Ind. Ct. App. 2019). "'It is Appellant's duty to present an adequate record clearly showing the alleged error. Where he fails to do so, the issue is deemed waived.'" *Thompson v. State*, 761 N.E.2d 467, 471 (Ind. Ct. App. 2002) (quoting *Jackson v. State*, 496 N.E.2d 32, 33 (Ind. 1986)). An appellant's appendix is meant to present this court with copies of those parts of the record necessary for us to decide the issues presented. Ind. Appellate Rule 50. An appellant's appendix is required to include several documents, including the appealed judgment or order and any "pleadings and other documents from the Clerk's Record in chronological order that are necessary for resolution of the issues raised on appeal." *Id*.

[6]    In his brief, Husband argues the trial court abused its discretion by returning his filings without review and deeming the case closed. Husband asserts he "has filed various motions regarding [his] stepdaughter. Each of these motions were [sic] denied without hearing. As such, issues surrounding [his] stepdaughter

have never truly been adjudicated." (Appellant's Br. at 9.) Courts have an interest in promoting finality and judicial economy by preventing re-litigation of issues already decided. *Northrop Corp. v. General Motors Corp.*, 807 N.E.2d 70, 86 (Ind. Ct. App. 2004), *trans. denied*. Husband's statement of facts indicates he had filed some of the motions pertaining to his stepdaughter before he filed a "Petition to Transfer" on September 23, 2016. (Appellant's Br. at 6.) To the extent Husband is simply attempting to relitigate issues already decided, the trial court is well within its discretion to reject such attempts and direct its resources elsewhere. *See Gorman v. Gorman*, 871 N.E.2d 1019, 1023 (Ind. Ct. App. 2007) ("By her conduct, [appellant] rejects the legal finality of both trial and appellate court decisions. . . . As a result, valuable judicial resources are spent considering the same meritless legal and factual questions presented by [appellant] over and over again."), *trans. denied*.

[7] However, Husband's appendix is so deficient that it is impossible for us to conduct a meaningful review of his claims. His appendix consists solely of a copy of the chronological case summary. He does not include a copy of the decree of dissolution; copies of the documents he sent that prompted the November 27, 2019, order; or any other documents from the trial court record. Consequently, Husband has failed to prove the trial court committed any error. *See Wilhoite v. State*, 7 N.E.3d 350, 355 (Ind. Ct. App. 2014) (holding defendant failed to present a sufficient record to permit review of his claim that he was not tried by a jury of his peers).

# Conclusion

Husband failed to present a record on appeal that would permit us to address his claims. Therefore, we affirm the trial court.

Affirmed.

Robb, J., and Vaidik, J., concur.