Lawrence Terrell DAVIS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A04–1002–CR–97.

Court of Appeals of Indiana.

Oct. 1, 2010.

Marce Gonzalez, Jr., Dyer, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, James E. Porter, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARTEAU, Senior Judge.

### STATEMENT OF THE CASE

Defendant/Appellant Lawrence Terrell Davis appeals the trial court's sentencing enhancements after he was convicted of one count of auto theft and two counts of resisting arrest. We affirm but remand.

### ISSUES

Davis raises three issues for our review, which we restate as:

I.  Whether the trial court failed to give a sufficient advisement of Davis' right to a jury trial during the enhancement phases of the trial.

II.  Whether the trial court erred in using the same prior conviction both to support the habitual offender and the auto theft enhancements.

III.  Whether the trial court erred in imposing a separate sentence for the habitual offender determination.

### FACTS AND PROCEDURAL HISTORY

On June 26, 2009, Davis stole a vehicle, and he was later observed driving the vehicle at a high rate of speed, nearly striking Patrolman Jon Breitweiser's vehicle. Patrolman Breitweiser activated his emergency lights to initiate a traffic stop, but Davis did not stop. Patrolman Breitweiser then activated his siren, and Davis increased his speed. After a chase lasting approximately ten minutes, Davis abruptly stopped the vehicle and fled on foot. Patrolman Breitweiser ordered Davis to stop, but Davis continued to flee. Although Patrolman Breitweiser lost sight of Davis, other officers soon apprehended him.

The State charged Davis with Class C felony auto theft [1]; Class D felony resisting law enforcement; and Class A misdemeanor resisting law enforcement. The State also filed an amended information alleging that Davis is a habitual offender. Approximately two months before trial, Davis waived his right to a jury trial. Following a bench trial, the trial court found Davis guilty of all charges. After Davis stipulated that he was the person who was convicted of an auto theft under DF–142 and an auto theft and resisting arrest under CF–165, the trial court both enhanced the instant auto theft and determined that Davis was a habitual offender. The trial court sentenced Davis to eight years for Class C felony auto theft, three years for Class D felony resisting law enforcement, one year for Class A misdemeanor resisting law enforcement, and eight years for being a habitual offender, with all but the misdemeanor sentence to run consecutively. The aggregate sentence was nineteen years.

Davis now appeals.

### DISCUSSION AND DECISION

#### I. JURY TRIAL ADVISEMENT

■ Davis contends that the trial court erred in not advising him of his right to a jury trial on the habitual offender and auto

---

1. Ind.Code § 35–43–4–2.5(c) provides that auto theft is a Class D felony. However, it is a Class C felony if the person has a prior conviction of an offense under the statute.

theft enhancement phases of his trial. Davis cites *Lieberenz v. State,* 717 N.E.2d 1242 (Ind.Ct.App.1999), *trans. denied,* as controlling on both issues.

In *Lieberenz,* we held that the trial court erred in not advising the defendant of his right to a jury trial during the habitual offender phase after his conviction by a jury on the charges of rape, dealing in cocaine, and conspiracy to deal cocaine. 717 N.E.2d at 1244. In arriving at this conclusion, we cited *Snyder v. State,* 668 N.E.2d 1214 (Ind.1996), a case in which our supreme court summarily affirmed the salient portion of our opinion in *Snyder v. State,* 654 N.E.2d 15 (Ind.Ct.App.1995). In *Snyder,* we noted the availability of a jury trial under the relevant portion of our habitual offender statute. The statute, now found at Ind.Code § 35–50–2–8(f), provides that "[i]f the person was convicted of the felony in a jury trial, the jury shall reconvene for the sentencing hearing. If the trial was to the court or the judgment was entered on a guilty plea, the court alone shall conduct the sentencing hearing . . . ." With regard to Snyder, who had pled guilty to the underlying offense, we held that "[w]here an accused pleads guilty to an underlying offense but leaves a habitual offender allegation pending, it is essential that he understand the ramifications of his guilty plea and be aware of the rights he is waiving." 654 N.E.2d at 20.

We further held that "[i]f the record does not show that the accused was advised or knew that his guilty plea to the underlying offense waived his right to a jury determination of a pending habitual offender allegation, the conviction on *the underlying offense* must be vacated." *Id.* (Emphasis added). We distinguished the facts from the situation in which a defendant pleads guilty to both the underlying offenses *and* a habitual offender allegation.

In that case, "the [trial] court's advisement that the accused is waiving his right to a jury trial on all charges sufficiently informs the defendant that he is waiving his right to a jury trial on the habitual offender charge." *Id.* Our supreme court summarily affirmed our opinion, noting that we appropriately held that Snyder "was entitled to be informed he was waiving a jury trial on both the felonies and the habitual charge before the trial court could accept his plea to the felonies and proceed to conduct a bench trial on the habitual claim." *Snyder,* 668 N.E.2d at 1215.

■ In the present case, the issue of an advisement turns on whether Davis was given an advisement that by waiving his right to a jury trial on the underlying offenses, he was also, under Ind.Code § 35–50–2–8(f), waiving his right to a jury trial in the habitual offender phase. Davis provides us with the trial court's order stating that "the parties waive the right to a jury trial and ask to proceed with a bench trial." (Appellant's App. at 22). Davis does not provide us with a transcript of the proceeding, and thus, he fails to show the extent of his waiver and also fails to provide an adequate record for review. It is a defendant's duty to present an adequate record clearly showing the alleged error, and where he fails to do so, the issue is waived. See *Jackson v. State,* 496 N.E.2d 32, 33 (Ind.1986).

As we note above, Davis' argument with reference to the enhancement of the auto theft conviction finds its basis in *Lieberenz.* We do not find *Lieberenz* applicable to the progressive enhancement authorized by Ind.Code § 35–43–4–2.5(c).

Davis has failed to show that the trial court failed to give him the required advisement. Thus we find no error.[2]

---

**2.** In *Snyder,* we held that we do not need to    resolve any constitutional issue because the

## II. USE OF PRIOR CONVICTIONS

■ Davis contends that the trial court erred in using the 2001 auto theft conviction (FC–165) to enhance both the conviction for auto theft and his habitual offender sentence. A court may not use the same prior conviction to enhance a felony under both the progressive penalty and general habitual offender statutes. *Beldon v. State,* 926 N.E.2d 480, 482–84 (Ind.2010). Here, however, the trial court enhanced the auto theft conviction from a D to C felony by using the prior auto theft conviction (FC–165), while it used the stipulated offenses of a resisting law enforcement conviction (FC–165) and a 2001 auto theft conviction (DF–142) to enhance under the general habitual offender statute. The trial court did not violate the prohibition of *Beldon* as it did not use the same conviction to enhance under both the progressive enhancement and habitual offender statutes.

## III. SENTENCING

■ Davis contends that the trial court erred in imposing the habitual offender enhancement as a separate sentence, a contention with which the State agrees. A habitual offender finding does not constitute a separate crime nor does it result in a separate sentence. Rather it results in a sentence enhancement imposed upon the conviction of a subsequent felony. See *Barnett v. State,* 834 N.E.2d 169, 173 (Ind.Ct.App.2005). In the event of simultaneous multiple felony convictions and a finding of habitual offender status, trial courts must impose the resulting penalty enhancement upon only one of the convictions and must specify the conviction to be enhanced. *Greer v. State,* 680 N.E.2d 526, 527 (Ind.1997). We remand with instructions that the trial court enter an enhancement that is consistent with this opinion.

procedure for obtaining a jury trial is provid-

See *O'Connell v. State,* 742 N.E.2d 943, 952–53 (Ind.2001).

We affirm on Issues I and II and remand for further proceedings on Issue III.

MAY, J., and MATHIAS, J., concur.

ed by statute. 654 N.E.2d at 19.