**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 05 2012, 9:35 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRUCE W. GRAHAM**
Graham Law Office
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BENNIE CHAMBERLAIN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1108-CR-770 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Randy J. Williams, Judge
Cause No. 79D01-1004-FC-20

**June 5, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Bennie Chamberlain appeals the sentence imposed after his convictions of Class C felony stalking,[1] Class C felony criminal confinement,[2] Class A misdemeanor battery,[3] Class A misdemeanor invasion of privacy,[4] two counts of Class D felony residential entry,[5] and a finding he is an habitual offender.[6] He presents three issues for our review, two of which we find dispositive:

1.      Whether the trial court abused its discretion when it entered a sentence based on Chamberlain's status as an habitual offender but did not attach it to a specific felony; and

2.      Whether the trial court abused its discretion when it ordered him to serve some of his sentences consecutively.

We reverse and remand.[7]

## FACTS AND PROCEDURAL HISTORY

S.L. obtained a protective order against Chamberlain on March 30, 2010, and she told Chamberlain about the order when he came to her residence that day. Chamberlain telephoned S.L. multiple times on April 1. That night around 10:30, someone kicked in

---

[1]  Ind. Code § 35-45-10-5(b).
[2]  Ind. Code § 35-42-3-3(b).
[3]  Ind. Code § 35-42-2-1(a)(1).
[4]  Ind. Code § 35-46-1-15.1.
[5]  Ind. Code § 35-43-2-1.5.
[6]  Ind. Code § 35-50-2-8.
[7] Chamberlain also argues his sentence is inappropriate. As Chamberlain will be resentenced on remand, we need not address that argument. *See Caraway v. State*, 959 N.E.2d 847, 854 n.3 (Ind. Ct. App. 2011) (analysis of appropriateness of sentence not necessary because case was to be remanded for resentencing), *trans. denied*.

S.L.'s back door. She saw Chamberlain in her apartment, and then he ran away. She called police, who documented the damage to her door but could not find Chamberlain.

S.L. went to a neighbor's apartment. When she returned home shortly after midnight, she found her apartment had been ransacked and vandalized. In addition, she found a message in Chamberlain's handwriting on her bedroom floor. She again called police, who again could not find Chamberlain.

Around 2:00 a.m., as S.L. was cleaning up her apartment, Chamberlain again entered her apartment. He took her to the bedroom and restrained her for about ten minutes, during which he elbowed S.L. in the nose and mouth, causing a scratch and a cut. While restrained, S.L. was able to call police, and they arrested Chamberlain and found a copy of the protective order in his pocket.

After a bench trial Chamberlain was convicted of stalking, criminal confinement, two counts of residential entry, battery, and invasion of privacy. Subsequently the court determined he is an habitual offender. The court sentenced Chamberlain to six years for Count I, Class C felony stalking; six years for Count II, Class C felony criminal confinement; two years for Count III, Class D felony residential entry; two years for Count IV, Class D felony residential entry; one year for Count VI, Class A misdemeanor battery; and one year for Count VIII, Class A misdemeanor invasion of privacy.

The court ordered, "Count II shall run consecutive to Count I, Count III consecutive to Count I, Counts IV and VI shall run concurrent with Count II; Count VIII shall run consecutive[.]" (App. at 17.) Finally, for Chamberlain's status as an habitual offender, the

3

trial court entered a sentence of six years to be served consecutive to the sentences for his crimes. His aggregate sentence was twenty-one years, with fifteen years incarcerated, two years suspended to supervised probation, and four years suspended to unsupervised probation.

## DISCUSSION AND DECISION

1. <u>Habitual Offender</u>

An habitual offender finding does not amount to a separate crime, nor does it result in a separate sentence. *Davis v. State*, 935 N.E.2d 1215, 1218 (Ind. Ct. App. 2010), *trans. denied*. Rather it results in a sentence enhancement imposed on the conviction of a subsequent felony. *Id*. In the event of multiple felony convictions and a finding of habitual offender status, a trial court must impose the resulting penalty enhancement on only one conviction, and it must specify which conviction is enhanced. *Id*.

Chamberlain contends the trial court erred by imposing the habitual offender enhancement as a separate sentence, and the State agrees. We accordingly remand for the trial court to attach the enhancement to one of the felonies in a manner consistent with this opinion.

2. <u>Consecutive Sentences</u>

Chamberlain also argues the court abused its discretion when it ordered consecutive sentences for stalking, criminal confinement, residential entry, and invasion of privacy. Generally a trial court has discretion to impose consecutive sentences based on aggravating and mitigating circumstances. *Williams v. State,* 891 N.E.2d 621, 630 (Ind. Ct. App. 2008).

4

This discretion is constrained, however, by Indiana Code section 35-50-1-2(c), which provides:

> The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. However, except for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35-5-2-8 [habitual offender] and IC 35-50-2-10 [habitual substance offender], to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the advisory sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

Chamberlain argues all of his crimes were a single episode of criminal conduct. An "episode of criminal conduct" is defined as "offenses or a connected series of offenses that are closely related in time, place, and circumstance." Ind. Code § 35-50-1-2(b). The singleness of a criminal episode should be based on whether the alleged offenses were so closely related in time, place, and circumstance that a complete account of one charge cannot be related without referring to the details of the other charge. *Cole v. State,* 850 N.E.2d 417, 419 (Ind. Ct. App. 2006).

The trial court ordered Chamberlain's sentences for Class C felony stalking, Class C felony criminal confinement, Class A misdemeanor invasion of privacy, and one of the counts of Class D residential entry to be served consecutively. The Class A misdemeanor invasion of privacy count was based on letters Chamberlain sent to S.L. while incarcerated awaiting trial. The Class D residential entry count was based on Chamberlain's entry of S.L.'s apartment on April 1.

5

In the charging information, the State alleged Chamberlain committed stalking "between April 1, 2010, and April 2, 2010." (App. at 23.) At trial, the State argued the evidence presented to prove stalking included "a course of conduct here multiple phone calls one of which was reported on April 1st, kicking in the door April 1st, uh, the tossing of the beef stew on April 2nd, and the battery and confinement this is definitely a course of conduct." (Tr. at 185.) Thus, based on the evidence presented at trial, Class C felony stalking, one count of Class D felony residential entry, and Class C felony criminal confinement were part of a continuing episode of criminal conduct.

Pursuant to Ind. Code § 35-50-1-2(c), the total of the consecutive terms of imprisonment for those crimes may not exceed ten years, which is the advisory sentence for a Class B felony. *See* Ind. Code § 35-50-2-5 (advisory sentence for Class B felony is ten years). The trial court ordered Chamberlain's two year sentence for residential entry to be served consecutive to the six year sentence for stalking for a total sentence of eight years, which is within the requirements of the statute.

However, the trial court also ordered Chamberlain's six year sentence for criminal confinement be served consecutive to the six year sentence for stalking for a total sentence of fourteen yearsfor these three offenses, which does not comply with Ind. Code § 35-50-1-2(c). Accordingly, we reverse the sentences for Class C felony stalking, Class C felony criminal confinement, and Class D felony residential entry and remand to the trial court for resentencing. On remand, the trial court may not enter sentences for these three crimes that exceed ten years when served consecutively pursuant to Ind. Code § 35-50-1-2(c).

6

**CONCLUSION**

We reverse Chamberlain's sentences for Class C felony stalking and Class C felony criminal confinement, and Class D felony residential entry because the three crimes were part of a single episode of criminal conduct and the total of those sentences, which were ordered served consecutively, exceeds the ten years allowed by Ind. Code § 35-50-1-2(c). We also must remand for the trial court to attach the habitual offender enhancement to one of Chamberlain's felonies. Thus we reverse Chamberlain's sentence and remand for the court to resentence him in a manner consistent with this opinion.

Reversed and remanded.

CRONE, J., and BROWN, J., concur.