**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEYS FOR APPELLANT:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

APPELLEE PRO SE:

**SHAUN L. STEELE**
Pendleton, Indiana

**FILED**

Oct 18 2012, 9:10 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellant – Cross-Appellee, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1111-PC-502 |
| | ) | |
| SHAUN L. STEELE, | ) | |
| | ) | |
| Appellee – Cross-Appellant. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Stephen Bowers, Judge
Cause No. 20D02-1104-PC-2

**October 18, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

The State of Indiana appeals the post-conviction court's grant of relief for Shaun Steele, presenting the following restated issue for review:

1.      Did the post-conviction court err in concluding that trial counsel rendered ineffective assistance in failing to challenge the trial court's decision to add a habitual offender enhancement to Steele's sentence for receiving stolen property, which was itself enhanced from a class D to a class C felony under a progressive punishment statute, on grounds that it constitutes an impermissible double enhancement?

Upon cross-appeal, Steele, *pro se*, presents the following consolidated issues for review:

2.      Did the trial court err in denying Steele's motion for continuance and in sentencing Steele?

3.      Did the State engage in a vindictive prosecution and deny Steele's constitutional rights by mishandling evidence?

4.      Did the post-conviction court err in concluding that Steele's guilty plea was knowingly and voluntarily entered?

5.      Did the post-conviction court err in concluding that Steele failed to establish that he received ineffective assistance of trial counsel?

We affirm in part, reverse in part, and remand with instructions.

The underlying facts established at the guilty plea hearing are that on July 6, 2010, Steele drove a truck that he knew was stolen. An officer attempted to stop the vehicle, and Steele leaped from the vehicle and ran around a building. He then jumped back into the truck and drove away. As a result of these events, Steele was charged with resisting law enforcement as a class D felony, operating a vehicle while intoxicated (OWI), a class A misdemeanor, and receiving stolen property as a class C felony, which was enhanced under Ind. Code Ann. § 35-43-4-2.5 (West, Westlaw current with all 2012 legislation) from a class

2

D felony by virtue of a previous conviction of auto theft.[1]  He was also alleged to be a habitual offender.

Steele eventually entered a plea of guilty to all of the charges and admitting to being a habitual offender.  Sentencing was left to the trial court's discretion.  As part of his guilty plea to the charge of receiving stolen property as a class C felony, Steele admitted he had an unrelated prior conviction of auto theft on May 20, 2009, under cause number 20D05-0804-FD-119 (FD-119).  He also admitted he was previously convicted of the felonies of robbery (in 1998) under cause number 20D01-9807-CF-152 (CF-152) and escape (in 2002) under cause number 37C01-0205-FA-241 (FD-241).

The court sentenced Steele to eight years for the receiving stolen property conviction and enhanced that sentence by an additional eight years by virtue of his status as a habitual offender.  Those sentences were to be served consecutively with the concurrent sentences of two years for resisting law enforcement and one year for operating a vehicle while intoxicated.[2]  On April 6, 2011, Steele filed a PCR petition alleging, among other things, that trial counsel was ineffective for not challenging an improper double enhancement.  The trial

---

[1] I.C. § 35-43-4-2.5(b) states:
> A person who knowingly or intentionally exerts unauthorized control over the motor vehicle of another person, with intent to deprive the owner of:
>
> (1) the vehicle's value or use; or
>
> (2) a component part (as defined in IC 9-13-2-34) of the vehicle;
> commits auto theft, a Class D felony. However, the offense is a Class C felony if the person has a prior conviction of an offense under this subsection or subsection (c).

[2]  We note with respect to the issues presented by Steele upon cross-appeal that he does not challenge his convictions of resisting arrest as a class D felony and operating a motor vehicle without a license.

court granted his petition on October 13, 2011 on the aforementioned double-jeopardy grounds. The State filed a motion to correct error and later initiated the present appeal after that motion was denied.

Indiana Post-Conviction Rule 1(7) authorizes either the State or the defendant-petitioner to pursue an appeal of a ruling on a PCR petition. When the State initiates an appeal, it is premised upon the claim that the post-conviction court erred in concluding that the petitioner established one of his claims sufficiently to be entitled to relief. Therefore, the judgment from which the State appeals is not a negative judgment. *State v. Holmes*, 728 N.E.2d 164 (Ind. 2000). When, as here, an appeal after a non-jury trial does not challenge a negative judgment, the applicable standard is to be found in Indiana Trial Rule 52(A), which states, in pertinent part: "On appeal of claims tried by the court without a jury …, the court on appeal shall not set aside the findings or judgment unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Thus, when reviewing a grant of post-conviction relief, our standard of review is as follows: "'We reverse only upon a showing of 'clear error'-that which leaves us with a definite and firm conviction that mistake has been made.'" *State v. Holmes*, 728 N.E.2d at 168 (quoting *State v. Van Cleave,* 674 N.E.2d 1293, 1295 (Ind. 1996)). Because this standard is a review for the sufficiency of evidence, we neither reweigh the evidence nor determine the credibility of witnesses, but consider only the evidence supporting the judgment and the reasonable inferences to be drawn therefrom. *State v. Holmes*, 728 N.E.2d 164. When a clearly erroneous judgment results from an application of the wrong legal standard to properly found facts, we do not defer to the trial court. *Id*.

The State contends the post-conviction court erred in concluding that Steele received ineffective assistance of counsel in that counsel failed to challenge the habitual-offender enhancement of Steele's conviction for receiving stolen property, which itself was already enhanced from a class D to a class C felony under a progressive penalty statute, thus constituting an impermissible double enhancement.

We pause here to address the procedural posture in which this error was presented, i.e., via a petition for post-conviction relief. As the trial court noted in its order granting Steele's petition on this issue, this challenge should have been brought via direct appeal. *See Collins v. State*, 817 N.E.2d 230, 233 (Ind. 2004) ("the proper procedure for an individual who has pled guilty in an open plea to challenge the sentence imposed is to file a direct appeal or, if the time for filing a direct appeal has run, to file an appeal under P–C. R. 2"). The trial court nevertheless addressed it, explaining that it did so because "judicial economy requires the error to be addressed and corrected without the delay and expense of an appeal." *Appellant's Appendix* at 203. We appreciate the importance of taking this factor into consideration when confronted with an issue involving the application of a rule or adherence to a prescribed procedure, especially when said application or adherence comes at the cost of significant expense or delay and the primary benefit is merely adherence to form. In this case, however, the cost/benefit analysis is not clearly in favor of ignoring the *Collins* requirement.

Steele should have challenged his sentence via direct appeal. Had he done so, because it is a question of law, we would review the matter de novo. *See Schnepp v. State*, 768

N.E.2d 1002 (Ind. Ct. App. 2002), *trans. denied*. Upon post-conviction, however, and as presented by Steele, we review it consistent with the rules applicable to post-conviction proceedings, and within the framework of the law pertaining to ineffective assistance of counsel. Obviously, the two are different, although this does not necessarily mean they will always attain different results. Because of the differing standards applicable to the two kinds of proceedings, we are inclined to view judicial economy as a less-than-compelling reason to ignore the procedural impropriety in this case. Be that as it may, we note that the State has not chosen to assert upon appeal that Steele waived the claim for purposes of post-conviction relief because he did not first present it upon direct appeal.[3] Therefore, we will review the issue on the basis it was decided by the post-conviction court, i.e.:

> Steele's ineffective assistance of counsel claim is correct as to the double enhancement of his sentence by the Court. Although the improper sentence imposed by the Court properly should be raised on direct appeal, judicial economy requires the error to be addressed and corrected without the delay and expense of an appeal.

*Appellant's Appendix* at 203.

In order to prevail on his claim of ineffective assistance of counsel, a petitioner must demonstrate both that his counsel's performance was deficient and that he was prejudiced thereby. *French v. State*, 778 N.E.2d 816 (Ind. 2002) (citing *Strickland v. Washington*, 466

---

[3] We note, however, that the State *did* oppose Steele's PCR petition on this basis, among others, before the post-conviction court.

U.S. 668 (1984)); *see also Taylor v. State*, 840 N.E.2d 324 (Ind. 2006) (the failure to satisfy either component will cause an ineffective assistance of counsel claim to fail). This is the so-called *Strickland* test. Counsel's performance is deficient if it falls below an objective standard of reasonableness based on prevailing professional norms. *French v. State*, 778 N.E.2d 816. To establish the requisite prejudice, a petitioner must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Smith v. State*, 765 N.E.2d 578, 585 (Ind. 2002). The two elements of *Strickland* are separate and independent inquiries. Thus, if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed. *Landis v. State*, 749 N.E.2d 1130 (Ind. 2001).

The essence of Steele's claim in this respect was that counsel should have objected to the sentence on grounds that it violated the rule against double enhancements. The specific claim was that a trial court may not add a general habitual offender enhancement to a sentence that already has been enhanced under a progressive enhancement statute such as the one under which Steele was convicted, i.e., I.C. § 35-43-4-2.5. Although this is not a scenario in which counsel is required, or even expected, to lodge an objection, *see Reed v. State*, 856 N.E.2d 1189, 1194 (Ind. 2006) ("[c]ounsel need not object to preserve a sentencing error for review"), we will proceed on the assumption that the deficient performance consisted of not pointing out to the court when the sentence was pronounced that it violated the prohibition against double enhancements, or something to that effect. In such case, Steele was required to show that counsel's claim of error would have been correct.

7

*See West v. State*, 938 N.E.2d 305, 310 (Ind. Ct. App. 2010), *trans. denied* ("[w]hen an ineffective assistance of counsel claim is based on the failure to make an objection, the petitioner must show that a proper objection would have been sustained by the trial court"). Steele cannot meet this requirement.

Steele was sentenced on October 14, 2010. This was approximately two weeks after this court handed down *Davis v. State*, 935 N.E.2d 1215 (Ind. Ct. App. 2010), *trans. denied.* In *Davis*, the defendant was convicted of auto theft, which was enhanced from a class D to a class C felony because of a previous auto-theft conviction. He was also determined to be a habitual offender, by virtue of which the trial court enhanced his auto theft conviction. It was uncontroverted that the prior auto-theft felony that served to enhance his auto-theft conviction was not used as a predicate offense for the habitual offender determination. The defendant complained upon appeal that this constituted an impermissible double enhancement. The situation in *Davis* was virtually the same as that in the present case and thus the holding in that case is equally applicable here:

> Davis contends that the trial court erred in using the 2001 auto theft conviction (FC–165) to enhance both the conviction for auto theft and his habitual offender sentence. A court may not use the same prior conviction to enhance a felony under both the progressive penalty and general habitual offender statutes. *Beldon v. State,* 926 N.E.2d 480, 482–84 (Ind.2010). Here, however, the trial court enhanced the auto theft conviction from a D to C felony by using the prior auto theft conviction (FC–165), while it used the stipulated offenses of a resisting law enforcement conviction (FC–165) and a 2001 auto theft conviction (DF–142) to enhance under the general habitual offender statute. The trial court did not violate the prohibition of *Beldon* as it did not use the same conviction to enhance under both the progressive enhancement and habitual offender statutes.

*Davis v. State*, 935 N.E.2d at 1218.

This was the law at the time Steele's sentence was imposed and Steele's sentence was perfectly consistent with it. Obviously, Steele's counsel did not render deficient performance in failing to register an objection to a sentence that was lawful at the time. *See Sweeney v. State*, 886 N.E.2d 1, 8 (Ind. Ct. App. 2008) ("[f]or purposes of ineffective assistance of counsel claims, the law requires consideration of legal precedent available to counsel at the time of his representation of the accused, and counsel will not be deemed ineffective for not anticipating or initiating changes in the law"), *trans. denied*, *cert. denied*, 555 U.S.1003. Therefore, the State's challenge to this ruling has merit. Steele did not receive ineffective assistance of counsel with respect to the issue of double enhancement and the trial court committed clear error in granting Steele's petition on this issue.

2.

Steele contends the trial court erred in denying his pretrial motion for continuance, which he sought in order to locate witnesses. "A defendant cannot question pre-trial orders after a guilty plea is entered." *Branham v. State*, 813 N.E.2d 809, 811 (Ind. Ct. App. 2004). This issue is unavailable.

Steele contends the trial court erred in citing an invalid aggravator when sentencing him. "The post-conviction procedures do not provide a petitioner with a "super-appeal" or opportunity to consider freestanding claims that the original trial court committed error. Such claims are available only on direct appeal." *Lambert v. State*, 743 N.E.2d 719, 726 (Ind. 2001), *cert. denied*, 534 U.S. 1136. This claim is waived.

3.

Steele contends the State engaged in a vindictive prosecution and denied his

9

constitutional rights by mishandling evidence, i.e., losing a parking lot surveillance videotape. Although this complaint does not implicate an order or decision of the trial court, it nonetheless does involve pre-trial matters. As our Supreme Court has indicated, "[i]n post-conviction proceedings, complaints that something went awry at trial are generally cognizable only when they show deprivation of the right to effective counsel or issues demonstrably unavailable at the time of trial or direct appeal." *Sanders v. State,* 765 N.E.2d 591, 592 (Ind. 2002). This principle applies not only to matters occurring during trial, but before trial as well. Steele waived this issue when he entered into the plea agreement.

4.

Steele contends that his guilty plea was not knowingly and voluntarily entered because trial counsel mis-advised him concerning the length of the sentence that would be imposed. Specifically, Steel contends his plea was illusory and the result of ineffective assistance in that "[c]ounsel promised (10) years and the court sentenced him to (16) years." *Appellee's Brief on Cross-Appeal* at 6. This complaint fits in the category of ineffective assistance of counsel related to "an improper advisement of penal consequences" based upon "incorrect advice as to the law." *Trujillo v. State*, 962 N.E.2d 110 (Ind. Ct. App. 2011). Because this claim is grounded in the contention that he did not receive the minimum level of effective assistance from his trial counsel, we analyze it according to *Segura v. State,* 749 N.E.2d 496 (Ind. 2001). *See Smith v. State*, 770 N.E.2d 290 (Ind. 2002). The general rule in such cases was set out as follows:

> [F]or claims relating to penal consequences, a petitioner must establish, by objective facts, circumstances that support the conclusion that counsel's errors in advice as to penal consequences were material to the decision to plead.

10

> Merely alleging that the petitioner would not have pleaded is insufficient. Rather, specific facts, in addition to the petitioner's conclusory allegation, must establish an objective reasonable probability that competent representation would have caused the petitioner not to enter a plea.

*Segura v. State*, 749 N.E.2d at 507. Steele has identified no "specific facts" that establish an objectively reasonable probability that what Steele deems to be competent representation would have changed his decision to enter a guilty plea. Steele asserts merely that counsel advised him – in Steele's own words – of the "*possibility* of getting ten (10) years" if he pled guilty. *Transcript of Post-conviction Hearing* at 20 (emphasis supplied). Such hardly constituted a promise that a ten-year sentence would be imposed; counsel merely advised Steele of that possibility. Thus, it cannot be regarded as mis-advice in the first place, and therefore it cannot support a claim of deficient performance. Steele's claim that his guilty plea was not knowingly and voluntarily entered because of ineffective assistance of counsel is without merit.

5.

We have grouped the remaining issues into a single issue claiming ineffective assistance of counsel, with multiple parts. These include the following: (1) Failure to perform a sufficient investigation; (2) ignorance of the elements of the offense to which Steele pleaded guilty; (3) failure to advise Steele that he had a right to have a separate proceeding for the habitual offender count; (4) the failure to object when the court "considered improper aggravators and mitigators", *id*.; and (5) failure to object to a clearly inappropriate sentence.

We begin with Steele's contention that trial counsel rendered ineffective assistance in

11

failing to interview two witnesses, whom he identifies as "K.C. and "Pig". *Transcript of Post-conviction Hearing* at 9. "When deciding a claim of ineffective assistance of counsel for failure to investigate, we apply a great deal of deference to counsel's judgments." *Parish v. State,* 838 N.E.2d 495, 500 (Ind. Ct. App. 2005).

Steele contends in his appellate brief that these persons would have testified that they did not know the truck was stolen, thus they could not have informed Steele that it was stolen (as officers claimed those individuals told them at the scene) and he could not be guilty of knowingly receiving stolen property. We note, however, this claim does not square with the evidence Steele sought to elicit at the post-conviction hearing. At the hearing, Steele indicated that there would have been evidence that *he* – Steele – stole the truck, as reflected in the following excerpt of Steele's questioning of trial counsel:

Q     Why is it that you never interviewed the passenger?

A     I didn't think his testimony was particularly relevant based on what you had told me.

Q     If he had firsthand knowledge saying that I had stole [sic] the vehicle would that be pertinent?

A     In my opinion, it didn't make a significant difference, to the State's ability to prove the charges.

Q     Do you know if – have you ever heard of a case uh, *Beard versus State*?

A     Not off the top of my head, no.

Q     No? Uhm, would your statement be that if the video showed me stealing the truck, if the passenger stated I stole the truck and if my two witnesses said I stole the truck would that be a conviction for receiving still?

A     Yes.

12

*Transcript of Post-conviction Hearing* at 32. Later, when he was being questioned, Steele acknowledged that he was not able to provide the full names and contact information of these witnesses to his attorney. In any event, he reaffirmed that "these witnesses would have testified to the fact that [Steele] actually stole the vehicle instead of received it[.]" *Id*. at 49. Trial counsel indicated at the hearing that she was aware that had Steele introduced evidence that he was the actual thief, the State could have amended the charges and charged him with auto theft rather than receiving stolen property. Counsel also noted that the two offenses (receiving stolen property and auto theft) are offenses of the same level.

On these facts, we perceive no harm to Steele. Even had counsel been able to locate the witnesses and had they testified, Steele would merely have accomplished trading one class C felony conviction for another. *See also Gibson v. State,* 643 N.E.2d 885, 892 (Ind. 1994) ("an accused can be convicted of Receiving Stolen Property even if he was the actual thief so long as the State meets its burden of proof in all respects"). Having failed to demonstrate prejudice, Steele's claim of ineffective assistance of counsel fails. *See Landis v. State*, 749 N.E.2d 1130.

Steele next claims that he received ineffective assistance of counsel based upon counsel's ignorance of the elements of the offense to which he pleaded guilty. In essence, he contends that counsel did not understand the difference between receiving stolen property and actual theft. To the contrary, counsel displayed ample knowledge of the difference at the hearing on Steele's post-conviction petition and further explained that Steele's proposed defense to the receiving charge left him vulnerable to a theft conviction, with the result to

13

him in terms of criminal liability and sentencing implications being the same either way. This claim is without merit.

Steele contends that counsel rendered ineffective assistance in failing to advise Steele that he had a right to have a separate proceeding for the habitual offender count. Assuming without deciding that counsel did not so advise Steele, we note that Steele nonetheless does not indicate what a proper advisement would have accomplished. We must assume that Steele must demonstrate that, at a minimum, he would have pled guilty to the receiving stolen property charge, but proceeded to trial on the habitual offender count.[4] We think this claim is analogous to those in which the petitioner seeks to set aside a guilty plea because of a mis-advisement of the penal consequences. In *Segura v. State*, 749 N.E.2d 496, our Supreme Court indicated that in order to prevail upon a claim that a plea agreement must be set aside because of mis-advisement of the penal consequences thereof, the petitioner must establish, by objective facts, circumstances that support the conclusion that counsel's errors in advice as to penal consequences were material to the decision to plead. "Merely alleging that the petitioner would not have pleaded is insufficient. Rather, specific facts, in addition to the

---

[4] Steele states in his brief: "The charges should be vacated and Steele given the knowing opportunity to decide which parts he chooses to take to a jury trial." *Appellee's Brief on Cross-Appeal*

14

petitioner's conclusory allegation, must establish an objective reasonable probability that competent representation would have caused the petitioner not to enter a plea." *Id.* at 507.

In the present case, Steele offers little more than his naked allegation that he would not have entered into the plea agreement had he been advised that the habitual offender allegation would have been tried separately. We think it appropriate to examine the situation in which Steele would have found himself had he chosen to proceed to trial on the habitual offender allegation. Trial counsel opined that "whether [Steele] qualified as a habitual criminal offender was never really an issue" – the strong inference being that because of Steele's "rather lengthy" criminal history, the proof of that allegation was strong. *Transcript of Post-conviction Hearing* at 30 and 33, respectively. Under the circumstances, Steele has failed to establish an objectively reasonable probability that competent representation would have caused him to reject the plea agreement with regard to the habitual offender allegation and to proceed to trial on that count. *See Segura v. State*, 749 N.E.2d 496.

We turn now to sub-issues (4) and (5), involving claims about Steele's sentence. Steele claims that the trial court considered improper aggravators and that his sentence is inappropriate. It is well settled that a defendant who enters into a plea agreement may appeal the sentence imposed only by direct appeal. *See Childress v. State,* 848 N.E.2d 1073 (Ind. 2006); *Collins v. State,* 817 N.E.2d 230. Moreover, where the claim of sentencing error is known and available for review on direct appeal, a defendant is precluded from presenting the issue in a petition for post-conviction relief. *Collins v. State,* 817 N.E.2d 230. Steele makes no claim that the sentencing issues he presents were not available on direct appeal. Indeed, he has not directly appealed the sentence imposed upon him, nor has he sought

permission to file a belated appeal pursuant to Post–Conviction Rule 2. Steele is therefore precluded from raising his claims of sentencing error. *Id.*

In summary, we reverse the grant of Steele's PCR petition on the issue of double enhancement, but affirm the post-conviction court in all other respects. We remand for proceedings consistent with this opinion.

Judgment affirmed in part, reversed in part, and remanded with instructions.

BROWN, J., and PYLE, J., concur.