**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**RONALD A. BOHANNON**
Greencastle, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RONALD A. BOHANNON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 28A04-1212-CR-656 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE GREENE CIRCUIT COURT
The Honorable Erik C. Allen, Judge
Cause No. 28C01-0908-FC-129

**April 23, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Ronald A. Bohannon pled guilty to reckless homicide and two counts of possession of a handgun without a license, all as class C felonies, receiving stolen property, as a class D felony, and admitted he was a habitual offender. He was eventually sentenced to eight years for the reckless homicide conviction, which was enhanced by five years as a result of his habitual offender status, seven years for the handgun convictions, which were to be served consecutively to the enhanced sentence for reckless homicide, and two years for the conviction of receiving stolen property, to be served concurrently with the other sentences. In the aggregate, this amounted to an executed sentence of twenty years. In this action, Bohannon, pro se, appeals the denial of his motion to correct erroneous sentence, presenting two issues for our review. We conclude that both issues are waived.

We affirm.

The facts and procedural history of this cause were set out in our resolution of Bohannon's direct appeal, as follows:

> On August 16, 2009, George Dallaire (Officer Dallaire), a Detective with the Greene County Sheriff's Department, received a dispatch concerning a shooting in Greene County. After learning that the victim, T.B., had been admitted to the Greene County General Hospital and was there along with his father, Officer Dallaire proceeded to the hospital to investigate. By the time Officer Dallaire arrived at the hospital, T.B. had passed away from his injuries. Officer Dallaire nevertheless examined T.B.'s body and discovered that he was a fourteen month old male infant who had received a gunshot wound to his head. Based on partially burned and unburned gunpowder around the wound, Officer Dallaire estimated that the gun had been discharged from within a distance of four or five feet.
>
> After examining T.B., Officer Dallaire spoke with T.B.'s father, Bohannon, who had been pushing T.B. in a stroller when he was shot. Bohannon told the Officer that he had taken his children, S.B. and T.B., for a walk when he heard a "pop" near an old abandoned house on the road. A second later, Bohannon

2

noticed that T.B. had been injured. Officer Dallaire asked Bohannon who he thought might be responsible and Bohannon told him that he had recently been involved in an altercation with his wife, Jamie Bohannon's, ex-husband, Carl Finley (Finley), who had threatened that he would "take care of [him.]" In a separate interview, Tanya Salesman (Salesman), a woman who lived with Bohannon, also indicated that she believed Finley was responsible. Later that night, Officer Dallaire interviewed S.B., who told the Officer that he "thought the pop came from the gun that daddy had in his pants." This declaration contradicted previous claims by Bohannon and Salesman that although they owned and kept a shotgun in their closet, they did not own any handguns.

\* \* \* \* \*

On August 18, 2009, Bohannon was arrested on unrelated charges. While in custody, he admitted to the detectives that he had accidentally shot T.B. He told them that he had tucked a .38 caliber revolver into his belt prior to his walk with his sons and cocked the gun when he heard a noise on the walk. Then, when he heard more noises he pulled the gun out from behind his back, placed his fingers on the trigger and hammer, and placed the gun on the stroller handles. At that point, the gun accidentally discharged and struck T.B. in the head.

*Bohannon v. State*, No. 28A01-1203-CR-115, slip op. at 1-2 (Ind. Ct. App. October 4, 2012), *trans. denied* (internal citations omitted).

The State filed an information charging Bohannon with reckless homicide, a class C felony; possession of a handgun without a license, a class A misdemeanor; an enhancement of the handgun charge to a class C felony based on prior felony convictions; and receiving stolen property, a class D felony. The State later filed an additional information alleging that Bohannon was a habitual offender. Bohannon ultimately pled guilty to four of the charges, in exchange for which the State agreed to dismiss the remaining ones. Bohannon also admitted being a habitual offender. Sentencing was left to the trial court's discretion. The trial court later accepted the plea agreement and entered a judgment of conviction accordingly. Following a sentencing hearing, the trial court sentenced Bohannon as set out above.

3

On December 5, 2012, Bohannon filed a motion to correct erroneous sentence. That motion is not included in the appellate materials and therefore the basis of the motion is unknown to us. In any event, that motion was denied and Bohannon appeals from that ruling. Bohannon challenges the ruling in two respects. First, he contends that the habitual offender finding should be vacated because the allegation was added more than ten days after the omnibus date and without the justification required by Ind. Code Ann. § 35-34-1-5 (West, Westlaw current through 2012 2nd Reg. Sess.). Second, he contends "that the trial court made a fundamental error when it ordered counts 1, 3, 3A, and 4 to be served consecutive from [sic] each other, which by doing so made the sentence erroneous on its face." *Appellant's Brief* at 5.

Our Supreme Court has determined that a motion to correct sentence is "appropriate only when the sentence is 'erroneous on its face.'" *Robinson v. State*, 805 N.E.2d 783, 786-87 (Ind. 2004) (quoting *Mitchell v. State,* 726 N.E.2d 1228, 1243 (Ind. 2000), *abrogated on other grounds*, *Beattie v. State*, 924 N.E.2d 643 (Ind. 2010)). Specifically, this motion may be used only "to correct sentencing errors that are clear from the face of the judgment imposing the sentence in light of the statutory authority." *Id*. at 787. The Court stressed that "the 'facially erroneous' prerequisite should henceforth be strictly applied." *Id*. We review a trial court's decision on a motion to correct erroneous sentence only for an abuse of discretion. *Davis v. State*, 978 N.E.2d 470 (Ind. Ct. App. 2012).

Do Bohannon's claims of sentencing error meet the "facially erroneous" requirement? We cannot tell. A defendant has a duty to present an adequate record clearly showing the

alleged error; where he fails to do so, the issue is waived. *Davis v. State*, 935 N.E.2d 1215 (Ind. Ct. App. 2010), *trans. denied*. Bohannon has failed to provide copies of the abstract of judgment or sentencing order, so we cannot review the face of the judgment for the purpose of determining whether Bohannon has established the *Robinson* prerequisite. Accordingly, the issues are waived.

Judgment affirmed.

ROBB, C.J., and CRONE, J., concur.